THE PEOPLE *ex rel.* Henry Busching, Appellant, *vs.* HENRY ERICSSON *et al.* Appellees.

*Opinion filed April 23, 1914—Rehearing denied June 4, 1914.*

1. MUNICIPAL CORPORATIONS—*cities have power to pass garage ordinance.* Clause 82 of section 1 of article 5 of the Cities and Villages act expressly authorizes cities to direct the location and regulate the use and construction of public garages.

2. SAME—*the statute conferring power upon cities and villages to regulate public garages is valid.* In the exercise of the police power the legislature may authorize municipalities of the State to direct the location and regulate the use and construction of public garages, for the business of conducting a public garage may become a nuisance when conducted in particular localities and under certain conditions although such a business is not a nuisance *per se.*

3. SAME—*when reasonableness of an ordinance is subject to inquiry.* Courts may inquire into the reasonableness of an ordinance passed in pursuance of a general statutory power where the statute gives no details as to the manner in which that power shall be exercised, and ordinances passed by a municipality under such a statute must be reasonable in their terms.

4. ORDINANCES—*when a garage ordinance is reasonable.* An ordinance directing the location and regulating the construction and use of public garages is not unreasonable which prohibits the construction of a garage within two hundred feet of a church and requires the written consent of a majority of the property owners in case the location of the garage is to be in a strictly residential district.

APPEAL from the Circuit Court of Cook county; the
Hon. JOHN GIBBONS, Judge, presiding.

MILLER, GORHAM & WALES, for appellant.

WILLIAM H. SEXTON, Corporation Counsel, (LORING
R. HOOVER, and LEON HORNSTEIN, of counsel,) for ap-
pellees.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the
court:

The relator, Henry Busching, applied to the building
commissioner of the city of Chicago for a permit authoriz-
ing him to erect a public garage at 871-877 Chestnut place,
between Chestnut street and Delaware place, in the city of
Chicago. As he had not complied with an ordinance of the
city of Chicago regulating the location of garages the build-
ing commissioner refused to issue the permit. Busching
then filed a petition for a writ of *mandamus* in the circuit
court of Cook county against the city of Chicago, the build-
ing commissioner and the city plan examiner to require
them to issue the permit. On a hearing before the court
the writ was denied and the petition dismissed. This ap-
peal has been perfected from that judgment, the trial court
having certified that the validity of an ordinance was in-
volved.

The only question presented for our determination is
the validity of the following ordinance:

"It shall be unlawful for any person, firm or corpo-
ration to locate, build, construct or maintain any garage
within two hundred feet of any building used as and
for a hospital, church or public or parochial school, or the
grounds thereof, and it shall be unlawful for any person,
firm or corporation to locate, build, construct or maintain
any garage in the city in any block in which two-thirds of
the buildings on both sides of the street are used exclusively

263 – 24

for residence purposes, or within one hundred feet of any such street in any such block, without securing the written consent of a majority of the property owners, according to frontage, on both sides of the street, as provided by the ordinances of the city of Chicago."

Another section of the code of the city of Chicago defines the word "garage" to mean any building where automobiles, auto cars or any similar self-propelled vehicles are let for hire or are kept ready for use upon the payment of fees for such services.

The invalidity of the ordinance is urged upon two grounds: (1) That the city has no power to legislate upon this subject and thus deprive its citizens of their rights under the State and Federal constitutions; and (2) that if it be held that the city has the power to legislate upon this subject the ordinance is void for unreasonableness.

The city is given express authority by the statute to legislate upon this subject. Clause 82 of section 1 of article 5 of the Cities and Villages act is as follows: The city council shall have the power "to direct the location and regulate the use and construction of breweries, distilleries, livery, boarding or sale stables, blacksmith shops, foundries, machine shops, garages, laundries, and bathing beaches, within the limits of the city or village." If the ordinance is invalid it must be for the reason that this clause of the Cities and Villages act is invalid in so far as it authorizes the municipality to direct the location and regulate the use and construction of garages.

It is conceded that a garage is not a nuisance *per se*, and it is contended on the part of appellant that it was incumbent upon appellees to prove that this particular garage would, in fact, become a nuisance before the building commissioner would be justified in refusing to issue a permit to construct the building. We have often been called upon to determine when our legislative bodies are authorized to interfere with the business of the citizen by virtue of the

police power vested in the State and its municipalities. In *City of Chicago* v. *Netcher,* 183 Ill. 104, we thus announced the rule as to when such interference or regulation was authorized in cases such as the one under consideration: "In order to sustain legislative interference with the business of the citizen by virtue of the police power it is necessary that the act should have some reasonable relation to the subjects included in such power. If it is claimed that the statute or ordinance is referable to the police power the court must be able to see that it tends, in some degree, toward the prevention of offenses or the preservation of the public health, morals, safety or welfare. It must be apparent that some such end is the one actually intended, and that there is some connection between the provisions of the law and such purpose. If it is manifest that the statute or ordinance has no such object, but, under the guise of a police regulation, is an invasion of the property rights of the individual, it is the duty of the court to declare it void." In the recent case of *People* v. *City of Chicago,* 261 Ill. 16, we thus announced the same rule: "Even if the municipality is clothed with the whole police power of the State, it would still not have the power to deprive a citizen of valuable property rights under the guise of prohibiting or regulating some business or occupation that has no tendency whatever to injure the public health or public morals or interfere with the general welfare. An act of the legislature which deprives the citizen of his liberty or property rights cannot be sustained under the police power unless the public health, comfort, safety or welfare demands such enactment; (*Ruhstrat* v. *People,* 185 Ill. 133; *Bailey* v. *People,* 190 id. 28; *Bessette* v. *People,* 193 id. 334;) and there must be some logical connection between the object to be accomplished by such legislation and the means prescribed to accomplish that end. The owner of property has the constitutional right to make any use of it he desires, so long as he does not endanger or threaten the safety, health and comfort or gen-

eral welfare of the public. This right cannot be wholly taken away or limited by the State except in so far as it may become necessary for individual rights to yield to the higher and greater law of the best interest of the public." Many other cases have announced this rule in substantially the same language, but it will not be necessary to refer to each of them.

Testing the statute here involved by these rules it becomes necessary to determine whether it has for its object the preservation of the public health, morals, comfort, safety or welfare, or whether, under the guise of police regulation, it is an invasion of the property rights of the individual. If it is not such an invasion, then individual rights must yield to the higher rights of the public.

Conceding, as the parties do, that the business of conducting a public garage does not constitute a nuisance *per se,* it is a matter of common knowledge that the automobile propelled by the use of gasoline is a large and sometimes noisy machine, which frequently, when in operation, emits an offensive odor. Automobiles go in and out of public garages at all hours of the day and night, producing noises which must necessarily interfere with the comfort and welfare of those in the immediate vicinity. In the starting of these machines and in the testing and repair of their engines a considerable noise is unavoidable. Gasoline and oil are used in places of this kind, and it is necessary to keep a considerable quantity of gasoline constantly on hand, which is transferred to the tanks of automobiles propelled by this means. In making this transfer a portion of it necessarily becomes vapor, thus creating a menace both because of the odor of the fumes and their inflammable character. The power of the legislature to regulate such a business is in no way dependent upon the question whether it is a nuisance *per se.* It is of such a character that it becomes a nuisance when conducted in particular localities and under certain conditions, and it is clearly within the province of

the legislature, in the exercise of the police power, to authorize the municipalities of the State to direct the location of public garages.

While the identical question involved here was not there raised, this same statute, as applied to a livery stable, was held valid in *City of Chicago* v. *Stratton,* 162 Ill. 494. Since that time it has been amended so as to include garages. The act is not subject to the objection made, and as the ordinance was passed by the express authority conferred by this statute, it is valid unless unreasonable in its requirements.

Appellees contend that as the ordinance was passed under the express authority given by this section of the statute the courts will not inquire into the reasonableness of the provisions of the ordinance. This statute, in general terms, empowers the municipalities of the State to direct the location and regulate the use and construction of garages. It gives no detail as to the manner in which this direction and regulation shall be exercised. Under those circumstances, the city availing itself of this statute must be reasonable in the terms which it imposes by its ordinances. In discussing this question in *Chicago and Alton Railroad Co.* v. *City of Carlinville,* 200 Ill. 314, we said: "The books and reported cases seem to agree that courts may declare void an ordinance passed by a city or village by virtue of its implied powers, if, in the opinion of the court, it is unreasonable; but when the ordinance is passed by express authority conferred upon the municipality by the legislature such power is not so clear, and there is conflict of authority upon that proposition. (*Burg* v. *Chicago, Rock Island and Pacific Railway Co.* 90 Iowa, 106.) The rule adopted in this State is, that where the ordinance is passed in pursuance of power expressly conferred by the legislature and the details of such municipal legislation are prescribed by the legislature, an ordinance passed in pursuance of such power cannot be held invalid by the courts

as being unreasonable; but when the details of such legislation are not prescribed, an ordinance passed in pursuance of such power must be a reasonable exercise thereof or it will be pronounced invalid. (*City of Lake View* v. *Tate,* 130 Ill. 247; *Hawes* v. *City of Chicago,* 158 id. 653; *Wice* v. *Chicago and Northwestern Railway Co.* 193 id. 351.) It is said in the *Tate case,* on page 252: 'Where the power to legislate on a given subject is conferred and the mode of its exercise is not prescribed, then the ordinance passed in pursuance thereof must be a reasonable exercise of the power or it will be pronounced invalid.' In *Hawes* v. *City of Chicago, supra,* Mr. Justice Baker, in speaking for the court, in discussing the question when a court may rightfully hold an ordinance unreasonable, on page 658 said: 'Where the power to legislate on a given subject is conferred on a municipal corporation, yet if the details of such legislation are not prescribed by the legislature, there the ordinance passed in pursuance of such power must be a reasonable exercise thereof or it will be pronounced invalid.' "

We do not agree with counsel for appellant that under this statute the city is given the power to prohibit the location of a garage anywhere within its corporate limits. Such legislation by the city authorities would be so unreasonable as to render it invalid. Under this statute the city undoubtedly has the power, if it should see fit, to prohibit the location of a garage in a strictly residential district, and it necessarily follows that an ordinance permitting the location and maintenance of a garage in residential districts under the conditions prescribed by this ordinance cannot be said to be unreasonable. The requirement that the person desiring to construct or maintain a garage in any block in which two-thirds of the buildings on both sides of the street are used exclusively for residences shall procure the written consent of a majority of the property owners, according to frontage, on both sides of the street, is not unreasonable.

In this case the court held, as a question of fact, that Chestnut place was not a residence street, and appellant contends that it is unreasonable to require him to secure frontage consent from the residents in that block on Chestnut street and Delaware place, these two streets being within one hundred feet of the place where it was proposed to erect the building. For the reason stated in *City of Chicago* v. *Stratton, supra,* we are of the opinion that this is not an unreasonable requirement.

The place where it was proposed to erect this structure is also within two hundred feet of a church, and it is contended that this provision of the ordinance is an unreasonable restriction. The conduct of the affairs of a church, with its various meetings and assemblies in carrying out the purposes for which it is organized, is of such a character that a city is warranted in making such a restriction. The conduct of the business of a public garage would be as offensive to the members of a church as it would be to the occupants of a private residence and would affect their comfort and welfare to the same extent.

It is urged that the ordinance is invalid because it does not include private schools and other institutions similar to those mentioned in the ordinance. This is a question which does not concern appellant or affect his rights. Whether some institution not named in the ordinance in the class of hospitals, churches or public or parochial schools should be included is not involved here.

Other reasons are suggested for the invalidity of the ordinance which are not involved and for that reason will not be noted.

The ordinance is valid, and the judgment of the circuit court is affirmed.                    *Judgment affirmed.*