(105 So. 35)

No. 27119.

**ROBINSON et al. v. WEINER et al.**

(May 25, 1925. Rehearing Denied June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Judgment** ⬤⟳217 — **Judgment not appealed from held final.**

Judgment not appealed from *held* final.

2. **Judgment** ⬤⟳702—**Unappealed from judgment, ordering city building inspector to issue building permits, held bar to injunctive suit by property owners and city to restrain construction of buildings authorized by permits so issued.**

Unappealed from judgment, ordering city building inspector to issue building permits in name of property owner, despite fact suit to compel issuance of permits was brought by his lessee, *held* bar to injunctive suit by property owners and city to restrain construction of buildings authorized by permits so issued.

3. **Injunction** ⬤⟳7—**Remedy of parties alleging error in judgment in mandamus held appeal therefrom or direct suit to annul it.**

Remedy of parties, seeking to enjoin construction of buildings, alleging error in judgment in mandamus requiring building permits to issue, *held* appeal·therefrom or direct suit to annul it.

O'Niell, C. J., dissenting in part.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Injunction suit by C. W. Robinson and others against Sam Weiner, Jr., and others. From a judgment dissolving a preliminary injunction, plaintiffs appeal. Affirmed.

Cook & Cook, of Shreveport, for appellants.

Thigpen, Herold, Lee & Cousin and C. H. Lyons, all of Shreveport, for appellees.

BRUNOT, J. This is a suit by citizens of Shreveport and the city of Shreveport to enjoin the defendants from constructing business buildings of any kind upon lots 16, 17, 18, 19, 20, 21, and 22 of the Moreland and Dickson subdivision of the city of Shreveport. A preliminary injunction issued; but, after a trial, the preliminary injunction was dissolved and the demands of plaintiffs were rejected at their costs. From this judgment they have appealed.

From the record it appears that defendants leased the property described in the petition to F. J. Zuzak for the purpose of erecting thereon a filling station and store buildings.

[1-3] Zuzak made application to J. T. Har-

ris, the building inspector of the city of Shreveport, for the issuance of permits for the construction of these buildings. The permits were refused upon the ground that certain ordinances purporting to zone the city prohibited the construction of business build-ings upon the said described lots. Zuzak thereupon proceeded, by mandamus, to com-pel the building inspector to issue the per-mits he had applied for. After a trial of the matter, the mandamus was made peremptory and the building inspector issued the permits in the name of the owner of the property. There was no appeal from this judgment, and it is therefore a final judgment. The plain-tiffs then instituted this suit, in which they pray for an injunction restraining the de-fendants from constructing the buildings au-thorized by the permits. After this suit was filed, the mayor of the city instructed the building inspector to withdraw the permits, upon the theory that the mandamus suit was brought by the lessee of the property and the permits had been issued in the name of the owner of the property. After a trial the district judge avoided the ordinances relied upon by plaintiffs and dismissed their suit. Defendants excepted to the suit upon the ground that the petition did not disclose a cause or right of action. This exception does not appear to have been passed upon by the district judge. In view of the finality of the judgment in the mandamus proceedings, we think the plaintiffs were foreclosed thereby, and their only remedy was to appeal from that judgment or to seek to annul it by a direct action.

This view disposes of the case and renders it unnecessary to consider the attack upon Ordinances No. 7 of 1922, No. 235 of 1923, and No. 110 of 1924.

We may say, however, that these ordinanc-es were held to be illegal in State ex rel. Mrs. Blanche Dickason v. J. T. Harris, Build-ing Inspector of the City of Shreveport, 105 So. 33,[1] No. 26780 of the docket of this court, decided this day.

For these reasons we are of the opinion that the judgment appealed from is correct, and it is therefore affirmed, at appellants' cost.

O'NIELL, C. J., is of the opinion that Or-dinance No. 7 of 1922 is valid.

---

(105 So. 36)