For the reasons assigned, the judgment appealed from is therefore affirmed at appellant's cost.

O'NIELL, C. J., absent.

---

(105 So. 33)

No. 26780.

**STATE ex rel. DICKASON v. HARRIS, Building Inspector.**

(May 25, 1925. Rehearing Denied June 22, 1925.)

**1. Municipal corporations ⬉601 — Zoning ordinance held invalid for uncertainty.**

Zoning ordinance of Shreveport, enacted pursuant to Const. 1921, art. 14, § 29, prohibiting erection of business buildings in "any recognized residential district," instead of by metes and bounds, *held* invalid as failing with reasonable certainty to define the district.

**2. Municipal corporations ⬉121 — Relator seeking permit to erect business building held not entitled to assert invalidity of ordinance based on provision beneficial to her interest.**

Relator seeking permit to erect business building in a district which ordinance defined as a residential district, and in which the erection

of a business building was prohibited, *held* not entitled to assert the invalidity of the ordinance based on a provision therein beneficial to her interest.

**3. Municipal corporations ⌖⇒601 — Property owners held entitled to waive enforcement of zoning ordinance.**

Property owners *held* entitled to waive enforcement of provision in zoning ordinance passed in exercise of police power for their benefit.

**4. Municipal corporations ⌖⇒601—Zoning ordinance held invalid for failing to define "residential district."**

Zoning ordinance passed pursuant to Const. 1921, art. 14, § 29, prohibiting erection of a business building in residential district, which the ordinance described as "that portion of the city where any block of any street is occupied exclusively for residential purposes," *held* invalid as failing with reasonable certainty to define a residential district; such description being manifestly grossly vague and indefinite.

O'Niell, C. J., dissenting in part.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Mandamus by the State, on the relation of Mrs. Blanche Dickason, against J. T. Harris, as Building Inspector of the City of Shreveport. From an adverse judgment, relator appeals. Judgment ordered annulled and set aside, and judgment ordered for relator.

Bullock & Warren, of Ruston, for appellant.

B. F. Roberts, of Shreveport, for appellee.

OVERTON, J. Relator instituted this suit to compel the building inspector of the city of Shreveport to issue her a permit for the erection of a filling station on her property, located in said city, at the corner of Sanford and St. Vincent's avenues. The building inspector, whose duty it is, under the law, to issue permits for the erection of buildings, when their erection will not be in violation of the rules and regulations prescribed by law or ordinance, refused to issue relator the permit, because to erect a filling station where relator wished to erect one would be in violation of Ordinances No. 7 of 1922 and No. 235 of 1923, adopted by the council of the city of Shreveport. Relator pleads that said ordinances are illegal, unconstitutional, and of no effect.

Ordinance No. 7 of 1922, in so far as pertinent, reads as follows:

"Section 1. Be it ordained by the city council of the city of Shreveport, in legal and regular session convened, that it shall be unlawful for any person, firm, or corporation to erect or construct any business buildings within the resident districts of the city of Shreveport, except as hereinafter provided.

"Sec. 2. Be it further ordained, etc., that no permit for the erection of any business building within the resident districts of the city of Shreveport, shall be issued, except as hereinafter provided.

"Sec. 3. Be it further ordained, etc., that the term resident district as used in this ordinance shall be taken and held to mean that portion of the city where any block of any street is occupied exclusively for resident purposes.

"Sec. 4. Be it further ordained, etc., that in case any person desires to erect any building within a resident district of the city of Shreveport, that he shall present to the building inspector a petition signed by not less than fifty-five per cent. of the property owners actually residing on the street where the building is sought to be erected."

The remaining section of the ordinance merely provides the penalty for violating the provisions of the ordinance.

The pertinent part of Ordinance No. 235 of 1923 reads as follows:

"Section 1. Be it ordained by the city council of the city of Shreveport, in special session convened, that pending the passage of a zoning ordinance by the city council of the city of Shreveport that no business building of any nature whatsoever shall be erected in any recognized residential district for the purpose of barter or trade, or the conducting of any business of any nature or description.

"Sec. 2. Be it further ordained, etc., that a copy of this ordinance be filed with the building inspector of the city of Shreveport, and that he be authorized and instructed to refuse to issue a permit for any such building pending the passage of a zoning ordinance."

The remaining sections of the ordinance relate merely to the penalty.

Section 29 of article 14 of the Constitution of 1921 provides that—

"All municipalities are authorized to zone their territory; to create residential, commercial and industrial districts, and to· prohibit the establishment of places of business in residential districts."

The ordinances in question were passed apparently under the foregoing section of the Constitution.

[1] It is urged that Ordinance No. 235 of 1923, the last one passed, is vague and illegal, because it does not define with reasonable certainty the district or districts in which buildings for business purposes shall not be erected, but describes that territory merely as "any recognized residential district." We think that the position is well taken. What may be considered by one as being a recognized residential district or districts may not be so considered by another. The term has too much elasticity to be used for the purpose for which it is here used. The council might and should have defined the district or districts to be affected by metes and bounds, and not by the uncertain and elastic term used by it. It is true, as observed by counsel for the defendant, that the section of the Constitution, quoted above, uses the expression, "residential districts," in authorizing municipalities to prohibit the establishment of places of business in such districts, but the use of that expression was not intended to relieve municipalities of the duty of designating the metes and bounds of the districts which they considered or desired to make residential. In our view, the ordinance is illegal for the reason stated.

[2] Among the reasons urged why Ordinance No. 7 of 1922 is illegal is the one that, notwithstanding the ordinance prohibits the erection of business buildings within the residential districts of the city, yet the ordinance makes it possible for any person who desires to erect a business building in a residential district to avoid the prohibition by obtaining the consent in writing of not less than 55 per cent. of the property owners, specified in section 4 of the ordinance quoted above. The contention is that this is an unwarranted and illegal delegation of power to the property owners. We are not of the opinion that this position is well taken. In the case of Cusack Co. v. Chicago, 242 U. S. 526, 37 S. Ct. 190, 61 L. Ed. 472, L. R. A. 1918A, 136, Ann. Cas. 1917C, 594, in which a similar question arose in a contest over the validity of an ordinance, prohibiting the erection of billboards, the Supreme Court of the United States said:

"The claim is palpably frivolous that the validity of the ordinance is impaired by the provision that such billboards may be erected in such districts as are described if the consent in writing is obtained of the owners of a majority of the frontage on both sides of the street in any block in which the billboard is to be erected.` The plaintiff in error cannot be injured, but obviously may be benefited, by this provision, for without it the prohibition of the erection of such billboards in such residence sections is absolute. He who is not injured by the operation of a law or ordinance cannot be said to be deprived by it of either constitutional right or of property. Tyler v. Judges of Ct. of Registration, 179 U. S. 405, 45 L. Ed. 252, 21 S. Ct. Rep. 206; Plymouth Cole Co. v. Pennsylvania, 232 U. S. 531, 58 L. Ed. 713, 34 S. Ct. Rep. 359. To this we may add that such a reference to a neighborhood of the propriety of having carried on within it trades or occupations which are properly the subject of regulation in the exercise of the police power is not uncommon in laws which have been sustained against every possible claim of unconstitutionality, such as the right to maintain saloons (Swift v. People, 162 Ill. 534, 33 L. R. A. 470, 44 N. E. 528), and as to the location of garages. People ex rel. Busching v. Ericsson, 263 Ill. 368, L. R. A. 1915D, 607, 105 N. E. 315, Ann. Cas. 1915C, 183. Such treatment is plainly applicable to offensive structures."

[3] Applying the principles stated above to this case, it is clear that plaintiff cannot complain of the provision under consideration, for it is one which in reality is in her interest. Moreover, the nature of the ordi-

nance is such as not to make it improper to permit the property owners in a particular locality to waive its enforcement therein. This is so, because the ordinance was passed in the exercise of the police power for their benefit. See Chicago v. Stratton, 162 Ill. 494, 44 N. E. 853, 35 A. L. R. 84, 53 Am. St. Rep. 325.

[4] However, for another reason we feel that we should declare the ordinance illegal. It is urged against this ordinance, as it was against the preceding one, that it is illegal, because it does not with reasonable certainty define a "residential district." The ordinance defines such a district as *"that portion of the city* where any block of any street is occupied exclusively for resident purposes." (Italics ours.) The city council may have intended that any block so used should be considered a residential district, but if it did so intend, it did not say so. As it is, it is *that portion of the city* where any block is so used that is designated as a residential district. This is manifestly grossly vague and indefinite.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be annulled and set aside; and that there now be judgment ordering defendant to issue said permit.

O'NIELL, C. J., is of the opinion that Ordinance No. 7 of 1922 is valid.