BRUNOT, J.
Relator is the owner of lot No. 124, Bellair subdivision of the city of *219 Shreveport;: He applied to the building inspector of the city for a permit to erect a gasoline filling station and store building on said lot. The building inspector refused to issue the permit, and relator brought this mandamus proceeding to compel its issuance. From a judgment in favor of the respondent and against relator recalling and annulling the alternative writ of mandamus, and rejecting relator’s demands at his cost, he appealed.
When relator’s application for the permit was filed, there was then in force two ordinances of the city of Shreveport affecting his right thereto, viz. Ordinances Nos. 7 of 1922 and 235 of 192.3: The day following the filing of relator’s petition in this suit the city council of Shreveport adopted and promulgated, as an emergency measure, Ordinance No. 110 of 1924. The respondent pleads the three ordinances mentioned, and he annexes and makes them a part of his answer.
In State ex rel. Dickason v. Harris, 158 La. 974, 105 So. 33, this court decreed the nullity of Ordinances Nos. 7 of 1922 and 235 of 1923; hut, prior to the handing down of that opinion, the lower court rendered judgment in this case, and based its judgment on the validity of those ordinances. It appears from' the minute entry that in the oral reasons assigned for the judgment the district judge announced, as his opinion, that Ordinance No. 110 of 1924 was unconstitutional, but that Ordinances Nos. 7 of 1922 and 235 of 1923 were valid enactments, and were in force and effect. . We note that the unconstitutionality of Ordinance No. 110 of 1924 is not pleaded in relator’s petition or elsewhere in the record, and the court’s judgment makes no reference whatever to it. Therefore, regardless of the reasons the trial judge may have given. for the conclusions he reached, the judgment rendered does not pass upon the validity of that ordinance.
For the. reasons stated, we are of the opinion that the district judge correctly recalled the alternative writ of mandamus, and rejected relator’s demands, and, therefore, the judgment appealed from is affirmed at appellant’s cost. ■ '