(No. 33982.—

CARMIEN GORE *et al.,* Appellants, *vs.* THE CITY OF CARLINVILLE *et al.,* Appellees.

*Opinion filed September 25, 1956.*

PAUL C. VERTICCHIO, of Gillespie, and SNELL & SEY-FRIT, of Carlinville, for appellants.

M. E. HEBRON, City Attorney, of Carlinville, FRANK M. PFEIFER and JOHN P. FIXMER, both of Springfield, for certain other appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

Appellants, the owner and lessees of a lot from which a gasoline filling station is operated in the city of Carlinville, filed a complaint in the circuit court of Macoupin County, against the city and its officials, seeking a declaratory judgment that a city ordinance is unconstitutional and void, and injunctive relief to prevent its enforcement. By way of alternative relief, appellants prayed for a declaratory judgment that the said ordinance is not binding as to them or their property. Since the ordinance in question relates to the regulation and location, in residence districts, of "garages and any place or business where motor vehicles are serviced or repaired for profit," the court permitted three property owners from the residence district affected to intervene in the cause and to join in the defense of the ordinance. After hearing evidence the circuit court found the ordinance to be both constitutional and effective as to appellants' property and entered judgment denying the relief sought. This appeal has followed.

The ordinance under attack was enacted in 1937 pur-

suant to the authority then contained in section 82 of article V of the Cities and Villages Act, (Ill. Rev. Stat. 1937, chap. 24, par. 65.81,) and now found in section 23—87 of the revised act. (Ill. Rev. Stat. 1955, chap. 24, par. 23—87.) Insofar as pertinent to this proceeding, the ordinance provides as follows:

"Section Three (3): The area covered by the lots within 300 feet of any garage or place where motor vehicles are serviced or repaired for profit shall be known as a 'Residence District' if two-thirds of such lots have residences situated thereon or are vacant unless the owners of a majority of such lots have residences thereon or being vacant shall file with the City Clerk an election and determination not to be known as a 'Residence District.'

"Section Four (4): No person, firm or corporation shall locate, build, construct, improve, enlarge, extend, or maintain a garage in the City of Carlinville, Illinois, on any lot or site within a 'Residence District.' "

Undisputed facts show that the filling station now owned and operated by appellants was erected in 1926, and has been operated and maintained continuously since that time by various parties, including two of the intervenors. As presently situated, the filling station, its pumps, its driveways and outside washing and greasing facilities occupy approximately one half of a corner lot which measures 100' x 100' with the balance of the lot being landscaped. Appellants desire to tear down the old structure and to erect a new and larger station, together with new driveways, pumps and tanks, which would utilize the lot in its entirety. When appellants' intentions were made known, a controversy developed with one of the intervening residence owners as to whether the ordinance would permit the enlargement and extension proposed and this action for relief from the ordinance was initiated.

Appellants concede in this court that both the authority

conferred by the Cities and Villages Act and the ordinance adopted pursuant thereto, extend to the regulation of gasoline filling stations. It is likewise uncontested that the station in controversy is located within a residence district as defined by the ordinance. As a basis for their claim of invalidity, appellants contend, first, that a gasoline filling station is not a nuisance *per se* and therefore not subject to regulation under the police power and, second, that if such a business may be regulated, the ordinance here is an invalid exercise of such power, which serves to deny them due process and equal protection of the law, in that it does not promote the public health, safety, morals or general welfare as applied to their property.

While it is to be conceded that a gasoline filling station is not a nuisance *per se,* a complete answer to appellants' first contention is found in *People ex rel. Busching* v. *Ericsson,* 263 Ill. 368, where the validity of an ordinance regulating the location of garages was held to be valid. There, after stating that it is common knowledge that the storage of gasoline creates a menace both because of the odor of the fumes and their inflammable character, the court concluded: (p. 372) "The power of the legislature to regulate such a business is in no way dependent upon the question whether it is a nuisance *per se.* It is of such a character that it becomes a nuisance when conducted in particular localities and under certain conditions, and it is clearly within the province of the legislature, in the exercise of the police power, to authorize the municipalities of the State to direct the location of public garages." In *People ex rel. Keller* v. *Village of Oak Park,* 266 Ill. 365, the quoted principle was interpreted as meaning that it was not unreasonable to regulate the location of garages in strictly residential districts. The similarities between garages and filling stations, insofar as they produce noxious odors and inflammable vapors by the storage and transfer

of gasoline, need not be elaborated upon. In either case the menace to surrounding residents and residence properties is the same and the regulation of both must be said to fall within the exercise of the police power.

To support their contention that the ordinance here is an improper exercise of the police power appellants argue that there is "no evidence that in any way indicates that the operation of the station has been detrimental to the citizens of Carlinville, nor is there any evidence which indicates that the future operation will affect in any way the public health, safety, morals, comfort or general welfare of any of the neighbors or citizens." Such an argument overlooks the long established rule that where an ordinance is within the grant of power conferred by the legislature, the presumption is in favor of the validity of the ordinance, and that the burden is always on the party attacking its legality to show such invalidity. (*City of Chicago* v. *Waters*, 363 Ill. 125; *Stearns* v. *City of Chicago*, 368 Ill. 112; *Poole* v. *City of Kankakee*, 406 Ill. 521.) The sole evidence held forth by appellants as supporting the claim that the ordinance does not promote the public health or safety is the testimony of Franklin L. Metzler, one or the intervening residence owners, to the effect that there have been no ill effects to the people from the operation of the station. As opposed to this, judicial notice may be taken of the fact that the business of storing and handling gasoline at filling stations within a city is attended with a peculiar degree of danger to life and property, (*Fligelman* v. *City of Chicago*, 348 Ill. 294; *People ex rel. Busching* v. *Ericsson*, 263 Ill. 368,) and that the noxious odors, noise and traffic emanating from the conduct of such a business are incompatible with a residence district. On the state of the record, therefore, it must be concluded that appellants have failed to maintain their burden of establishing the invalidity of the ordinance on the grounds advanced.

Drawing upon decisions dealing with zoning ordinances, appellants make the final contention that they have a right to a nonconforming use of their property, by reason of the fact its use for filling station purposes existed prior to the adoption of the ordinance. It is enough to point out that the zoning laws relied upon have been interpreted as justifying restrictions against any extension or expansion of a non-conforming use. (*Mercer Lumber Co.* v. *Village of Glencoe*, 390 Ill. 138, pp. 144-145.) Section 4 of the ordinance here involved expressly restricts the enlargement or extension of existing structures. Yet, in the face of such restrictions and their manifest relationship to the public safety and welfare, appellants propose to build an entirely new and larger structure which will have the effect of increasing the volume of gasoline to be stored and transferred, and which will bring the operation into closer proximity with adjacent residences by utilizing the entire lot. The extension, enlargement and expansion of an existing non-conforming use to such a degree is clearly a violation of the terms of the ordinance. (See: *Price* v. *Ackmann,* 345 Ill. App. 1, Leave to Appeal Denied 346 Ill. App. xv; *Federal Electric Co.* v. *Zoning Board,* 398 Ill. 142; *Mercer Lumber Co.* v. *Village of Glencoe,* 390 Ill. 138; 58 Am. Jur., Zoning, sec. 158; *State ex rel. City Ice & Fuel Co.* v. *Stenger,* 120 Ohio St. 418, 166 N.E. 226.) While it is not to be denied that appellants possess a fundamental right to devote their property to whatever lawful use they choose, such right must give way to the considerations of public health and safety underlying the statutory authority upon which the city's ordinance is based. Nor can appellants' claim to a nonconforming use be aided by the fact that a gasoline station has been "located" and "maintained" on their property since the passage of the ordinance, for, as stated in *People ex rel. Keller* v. *Village of Oak Park,* 266 Ill. 365, 371, under comparable facts: "Any failure of the city authorities  *  *  *  to enforce

the terms of the ordinance does not render the ordinance void."

The judgment of the circuit court of Macoupin County was correct and is affirmed.

*Judgment affirmed.*