**Dorothy Mae Colvin, et al., Plaintiffs-Appellees, v. Village of Skokie, a Municipal Corporation, Defendant-Appellant.**

Gen. No. 49,650.

First District, Third Division.

October 29, 1964.

Marvin J. Glink, Corporation Counsel, of Skokie (Morton C. Kaplan, Assistant Corporation Counsel, of counsel), for appellant.

Eley, Koch & Rusher, of Chicago (Lommen D. Eley, of counsel), for appellees.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

A declaratory judgment, finding that the zoning ordinance of the Village of Skokie was invalid insofar as it applied to the plaintiffs' property, was entered by the Circuit Court. Because the issue in the trial court was the constitutionality of the ordinance in its application to the specific property involved, the village's appeal was taken to the Supreme Court. In conformity with its new policy pertaining to zoning cases (First Nat. Bank & Trust Co. v. City of Evanston, 30 Ill2d 479, 197 NE2d 705 (1964)) that court transferred the case here.

The property in question is presently zoned for single-family residences. The plaintiffs seek a commercial classification and a tentative contract has been entered into to sell the west half of the property to an oil company for use as a gasoline service station. The property consists of 16 vacant, contiguous lots with a frontage of 400 feet on the south side of Touhy Avenue, an east and west street. The first street to the east is Lavergne, the first to the west is Leclaire and the one to the south is Fitch. An alley between Touhy and Fitch bisects the block. Fitch Avenue is improved with residences, each valued at approximately $30,000. There is a real estate office at the southwest corner of Touhy and Lavergne which abuts the plaintiffs' property on the east, and there is a gas station immediately to the west of the property, at the southeast corner of Touhy and Leclaire.

The real estate office is a legal, nonconforming use. The site of the gas station had been zoned residential but in 1961, a year before the vacant lots were purchased for $76,000 by one of the plaintiffs, the village itself rezoned the site to permit commercial use. There had been another gas station on the same

23

corner, a legal nonconforming use, and trailers were allowed to park there. The village's explanation for the rezoning is that the first gas station was unsightly and that the construction of a modern gas station, which became possible because of the new business classification, improved the appearance of the corner and of the neighborhood.

Just east of Lavergne, Touhy Avenue is intersected by Edens Expressway; there is an entrance from Touhy to the expressway going south and an exit from the expressway for westbound Touhy traffic. The north side of Touhy between Lavergne and Leclaire is vacant except for a barber shop which is another legal, nonconforming use, and a residence which, at the time of the trial, had been for sale for some time. The next street west of Leclaire is Laramie. Between these two streets there are family dwellings on the south side of Touhy and vacant land on the north side.

Between Edens Expressway on the east and Laramie on the west, Touhy Avenue is zoned for single-family residences. The same zoning prevails for the area three blocks to the north and for three blocks to the south of this portion of Touhy, and the area is improved with residences. The zoning classification on Touhy changes at Laramie from residential to business and then, about a block farther to the west, changes from business to industrial.

Touhy is a four-lane, heavily traveled thoroughfare. At the hearing before the master in chancery to whom this case was referred, one witness estimated that 20,000 eastbound and about the same number of westbound vehicles would pass the plaintiffs' property daily. Another witness testified a traffic count showed that 25,140 vehicles passed the property on the day the count was taken.

24

This case presented the usual conflict of testimony pertaining to the economic consequences of the proposed rezoning. The evidence indicated that the value of the plaintiffs' property is $100 to $150 per front foot for residential use and would be $300 per front foot if used for commercial purposes. The purchase price was $190 a front foot. There was testimony that neighboring properties would suffer a ten per cent depreciation in value if the rezoning was permitted. There also was the usual testimonial dispute that can be found in all zoning litigation where it is proposed to construct a gasoline station near residential property, concerning noise, fumes, fire hazards and additional traffic. Home owners in the surrounding area testified and their objections to the rezoning were based upon these reasons.

Each of these factors must be evaluated as well as all the others established by the evidence, such as: the fact that the plaintiffs were aware of the residential classification when they made their purchase, the fact that the adjacent home owners built or bought their homes when either the ill-appearing gas station or the newer one was on the corner of Touhy and Leclaire and, the most consequential factor of all, the fact that the village rezoned that corner.

■ ■ A question of the first magnitude in determining if a zoning classification is reasonable is whether the property is zoned in conformity with surrounding existing uses and whether those uses are established and uniform. River Forest State Bank & Trust Co. v. Village of Maywood, 23 Ill2d 560, 179 NE2d 671; Jacobson v. City of Evanston, 10 Ill2d 61, 139 NE2d 205; LaSalle Nat. Bank v. City of Chicago, 6 Ill2d 22, 126 NE2d 643. The Cities and Villages Act delegates zoning power to municipalities. Ill Rev Stats 1963, c 24, § 11–13–1. Municipalities are enabled to impose restraints on the use of private

property (Quillici v. Village of Mt. Prospect, 399 Ill 418, 78 NE2d 240), but this power is not unqualified. It cannot be arbitrarily exercised, and where the restraint bears no real and substantial relationship to public health, safety, morals or general welfare, it must be set aside as an unwarranted restriction upon the ownership and free use of property. Tillitson v. City of Urbana, 29 Ill2d 22, 193 NE2d 1.

█ In our opinion the zoning classification, insofar as it relates to the subject property, is discriminatory, arbitrary and capricious, and constitutes an unreasonable exercise of the village's police power. The plaintiffs' property is identical in character with that next door to it and arrangements have been made to use the west 200 feet for a like purpose. If the intention to use it for a gasoline service station is carried out, its proper operation is assured by the court's decree which was carefully framed to avoid undesirable results and to protect adjoining property owners. Sinclair Pipe Line Co. v. Village of Richton Park, 19 Ill2d 370, 167 NE2d 406. By reclassifying the property next to the plaintiffs', the village indulged in a bit of spot zoning and by doing so voluntarily destroyed uniformity with surrounding, existing uses. The spot zoning not only authorized a commercial use in a residential district, but permanently exposed the home owners on Fitch Avenue to the same effects against which the village now protests. Although the rezoning was done to improve the appearance of the vicinity, the village must have realized that by modifying its ordinance it opened the door for further commercial inroads, and that the rezoning, plus the character of Touhy Avenue with its increasingly heavy traffic and its commercial and industrial uses starting just a block away, would undermine its opposition to future petitions by other landowners for the same favorable variation.

The presumption of the validity of the zoning ordinance has been overcome and the decree of the Circuit Court is affirmed.

Affirmed.

SCHWARTZ, P. J. and SULLIVAN, J., concur.