CITIES SERVICE OIL COMPANY, Plaintiff-Appellee, *v.* THE VILLAGE OF OAK BROOK, Defendant-Appellant.

(No. 72-135;

Second District—November 29, 1973.

Teschner, Benda, Botti & Fawell, of Wheaton, for appellant.

Edward J. Vertovec, of Elmhurst, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The Cities Service Oil Company, plaintiff, filed an action seeking a declaratory judgment that setback restrictions of the zoning ordinance of the defendant, Village of Oak Brook, are void as applied to an existing gasoline station which it sought to improve and enlarge (referred to as parcel 2); and that use and setback restrictions are void as applied to its adjoining property (referred to as parcel 1) which it sought to use for parking, driveway, and as a grassed and landscaped buffer zone in connection with the improvement of the station. Defendant appeals from a decree granting the requested relief, based on the specific use proposed.

Parcel 2 is zoned commercial, which use includes the existing gasoline filling station; but subsequent setback requirements have made the present use non-conforming and prevent expansion. The station has a

frontage on York Road of approximately 176 feet with a maximum depth of 161 feet along the southerly border of the Village of Oak Brook. It is located approximately 815 feet north of the intersection of York Road and Ogden Avenue which lies in the Village of Hinsdale.

Parcel 1 is directly adjacent to the north. It is improved with a two-story residence and is zoned residential. The property has a frontage of approximately 80 feet and a maximum depth of 143 feet.

The evidence concerning the surrounding area, including an aerial moving picture exhibit, discloses that abutting on the south of the existing service station is Glendale Avenue which is unimproved and comprises the southerly border of the Village of Oak Brook, beyond which is the Village of Hinsdale. Proceeding south along the west side of York Road from Glendale Avenue there is a two-story house, a vineyard, an office building, a vacant lot and a Standard gasoline station, one of three gasoline stations at the intersection of Ogden and York Roads. It is conceded that both York Road and Ogden Avenue are heavily traveled arterial routes.

Spring Road which has been characterized as a "collector street", merges into York Road in front of parcel 1, from the northwest at an angle of about 20 degrees. Proceeding north from the subject properties on Spring Road is a two-story house, two single family homes; and where Spring Road curves in a more westerly direction is a tavern, which is a lawful non-conforming use. Further west along Spring Road, the zoning and uses are all residential. Further north and east of Spring Road is a two-story home and a three-story building known as Graue's Mill located on Forest Preserve property.

Across Spring Road in the triangle formed by the intersection of York and Spring is a vacant lot. On the other side of York Road directly opposite the subject properties is a liquor store, located in Oak Brook and zoned commercial.

North of the liquor store is county property used at the time of trial by construction workers for storage of materials. North of the county property is an 85 to 90 stall parking lot for the Forest Preserve and for Graue Mill.

South of the liquor store is an automobile repair garage, a parking lot for automobiles for the repair shop, three residential homes and a large office building which is at the intersection of York and Ogden in the Village of Hinsdale.

The evidence on behalf of the plaintiff included the testimony of a member of its real estate department who stated the proposal to add a third bay to the existing building and to place a canopy over the existing pump "islands", which would not be permissible under the existing set-

back requirements. It was proposed to remove the overhead door to the rear to give a better architectural frontage. To accomplish this it would be necessary to use a part of the adjoining parcel 1 for additional parking which would be lost by the change. The properties would be fenced, and parcel 1 would be landscaped to act as a buffer to the residential property to the north. If the restrictions were to be followed, the remaining portion of the property would be too small to be useable. Less than one-half of parcel 1 was to be used for parking and driveway, and the balance for the buffer zone. There would be no change in the location of the pumps or in the existing entrances or exits to the service station site.

The expert witnesses who testified for the plaintiff were of the opinion that the commercial use, including a gasoline service station, was the highest and best use of the subject properties and would not result in damage to the surrounding area. One of the witnesses also testified that the proposed improvement, as well as benefiting plaintiff by giving the station a better appearance and more customer appeal, might actually improve the value of surrounding property.

The Forest Preserve director of Du Page County was called by defendant as a witness. He testified to his concern that commercial development was creeping north and to the district's desire to maintain the area in as natural a rural situation as possible because of the historic grist mill, the Graue Mill. The Village's land use planner, also a witness for defendant, explained that a master plan for the development of the village had been started some two years prior to the trial, had been accepted by the planning commission and was before the village board of trustees which had not yet decided on it. He expressed the opinion that the proposed rezoning would be wrong in terms of the environment in the area; and in his view it was good planning to eliminate the gasoline station use over a period of time by use of the setback device.

A member of the board of directors of Graue Mill expressed his opinion that an increased building to the north would detract from the beauty of the mill setting.

Finally, a resident of the area whose property's closest edge was some 450 feet from the property in question, testified that if the proposed plan were approved, Oak Brook would not be able to withstand creeping commercialization and prospective buyers would be deterred. He conceded, however, on cross-examination that having a tavern next to his property was not considered a detriment.

In rendering its decision, the trial court found that the general character of the neighborhood is business; the highest and best use of the subject properties is a service station; the proposed expansion will harm no

one and will enhance the beauty of the neighborhood; the beauty and historical value of Graue Mill or any of the Forest Preserve property or any surrounding property will not be diminished by the proposed use; and that the zoning of parcel 1 as residential is not compatible with the character of the neighborhood and has no tendency to promote the health, safety, morals, convenience and general welfare.

Defendant contends that the plaintiff has failed to show any taking or deprivation in the application of the City ordinances which would violate due process of law; that in fact the ordinances are reasonable and promote the welfare of the community; that the court erred in precluding pertinent evidence, and applied improper criteria in arriving at its decision.

It is, of course, axiomatic that each zoning problem is different and that the validity of the zoning ordinance must be determined by individual facts and circumstances in each case. The principles which are to be applied have been repeatedly stated. See, *e.g.*, *La Salle National Bank v. County of Cook* (1957), 12 Ill.2d 40, 46-47; *Pioneer Trust & Savings Bk. v. McHenry County* (1968), 41 Ill.2d 77, 85; *Kraegel v. Village of Wood Dale* (1973), 10 Ill.App.3d 486, 491.

In the particular circumstances of this case, we must determine the relationship of the defendant's zoning and setback ordinances applied to both the existing service station property which is in a commercial zone and the adjoining residential lot which plaintiff seeks to use for parking and as a buffer zone in connection with the station.

Plaintiff has a property right in its present non-conforming use of parcel 2 as a gasoline service station, which may not be taken from it by an ordinance which is unreasonable and not grounded on the public welfare. (*Douglas v. Village of Melrose Park* (1945), 389 Ill. 98, 101.) It is of course true that a municipality may enact reasonable regulations to restrict any extension or expansion of a non-conforming use. See *Mercer Lumber Cos. v. Village of Glencoe* (1945), 390 Ill. 138, 144-145; *Gore v. City of Carlinville* (1956), 9 Ill.2d 296, 301; *Kelley-Williamson Co. v. City of Rockford* (1965), 61 Ill.App.2d 482, 486-487.

■■ In this case, the existing service station is on property which has been zoned commercial both before and after the annexation to the defendant village. While the proposed changes on parcel 2 violate no other regulations of the village, it would violate setback requirements which peculiarly affect plaintiff's property since no other commercial uses in the area are subjected to the stringent requirements imposed on service stations. It is conceded that no operable service station could be constructed in compliance with these setback requirements. In our view, the trial court properly found that the setback requirements as applied to

parcel 2 have no reasonable basis, and therefore are unconstitutional and void.

The broader question before us involves testing by traditional standards the entirety of the proposed use including that of the adjacent residential parcel as declared in the judgment below.

Defendant has argued that the existing service station use is not compatible with the neighborhood and the proper development of the community of Oak Brook and therefore would amount to an intrusion which should be ultimately phased out and presently not extended beyond the present non-conforming use. In this connection, defendant cites *Kelley-Williamson Co. v. City of Rockford* (1965), 61 Ill.App.2d 482, in which we refused to permit use of residential property adjoining a filling station which was a non-conforming use in a residential zone. The holding that it is impermissible to expand a non-conforming use beyond a maximum which defendant has properly restricted by an appropriate ordinance does not aid the defendant. Here, the existing filling station is on property which defendant has zoned commercial and which would allow the filling station use. Only the setback restrictions, which we find clearly unreasonable, prevent the proposed structural changes on parcel 2. The changes would not have the effect of increasing the volume of gasoline to be stored and transferred or bring the operation into closer proximity with adjacent residences under circumstances which were violative of considerations of public health and safety relied upon in *Gore v. City of Carlinville* (1956), 9 Ill.2d 296, 301. They would not increase traffic and create other hazards in a residential area as in *Sinclair Refining Co. v. City of Chicago* (7th Cir. 1949), 178 F.2d 214. Nor are we faced with adverse effect in a large residential area of access to an industrial property as in *Williams v. Village of Schiller Park* (1956), 9 Ill.2d 596, 598. Nor is all of the surrounding property residential in character as in *Hoffmann v. City of Waukegan* (1964), 51 Ill.App.2d 241, 243-245; and *Kellett v. County of Du Page* (1967), 89 Ill.App.2d 437.

Defendant's reliance on *Murphy v. City of Countryside* (1969), 115 Ill.App.2d 301, to support the contention that no showing of deprivation has been made is similarly misplaced. *Murphy* involved no plan, proposal or evidence to establish a loss by the existing ordinance, which is factually inapposite to the instant case. Also unsupportive is *First National Bank & Trust Co. v. Evanston* (1964), 53 Ill.App.2d 321 which, like *Murphy*, involved no evidence of hardship. Finally *People ex rel. v. City of Chicago* (1954), 2 Ill.2d 350, is distinguishable because serious reduction of surrounding property values and increased traffic in a residential area is not present.

■■ Plaintiff has shown hardship as to parcel 2 by the severe setback requirements. Further, a deprivation has been shown as to parcel 1 by the existing residential classification, which prescribes stringent side yard requiremens for off-street parking, making use of such premises for parking in connection with a service station impracticable. Continued classification of parcel 1 as residential is also a deprivation in view of the various commercial uses in the area, including the adjacent service station on parcel 2. Hardship can consist of something other than direct monetary loss. *Loves Park v. Woodward Governor Co.* (1958), 14 Ill.2d 623, 627.

On the record it appears that the existing uses of the area are basically commercial with considerable public use for forest preserve purposes, including the historic Graue Mill site, and with comparatively few residential uses. The area cannot be characterized as solidly residential but rather is developing commercial; and any damage to the property of the surrounding area has already been done by existing commercial uses. See *Dalkoff v. City of Rock Island* (1959), 17 Ill.2d 342, 345.

The proposed improvement of an existing service station by modernizing it and establishing a landscaped buffer strip on the adjacent property would not appreciably intrude upon or change the character of the neighborhood, particularly when the decree has been framed to protect neighboring property owners. See *Colvin v. Village of Skokie* (1964), 54 Ill.App.2d 22, 26; *Mobil Oil Corp. v. City of Rockford* (1972), 8 Ill.App.3d 649, 653-4; *Sinclair Pipe Line Co. v. Village of Richton Park* (1960), 19 Ill.2d 370, 379.

■■ Defendant has contended that the trial court precluded germane evidence and applied improper criteria in arriving at its decision, but we do not agree. Testing the entire record by the traditional zoning standards, we conclude that the trial court's findings are not contrary to the manifest weight of the evidence and therefore will not be disturbed on review. (*Illinois National Bank v. County of Winnebago* (1960), 19 Ill.2d 487, 495; *Chicago Title & Trust Co. v. County of Du Page* (1973), 298 N.E.2d 259, 261-262.) No substantial public interest would be served by continued enforcement of the restrictive ordinances and the denial of the proposed use. The presumption of validity of defendant's ordinances as to the subject properties has been overcome. We affirm the judgment below.

Affirmed.

GUILD, P. J., and T. MORAN, J., concur.