No. 2--01--0661

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

JEAN FISHER, JOSEPH FISHER,       ) Appeal from the Circuit Court

JANET FISHER, and SUSAN YELLEN;   ) of Jo Daviess County.

JAMES OTIS and MARGARET OTIS,     )

Individually and as Trustee of    )

the Margaret B. Otis Trust;       )      

ADLAI STEVENSON and               )          

NANCY STEVENSON,                  ) 

                                  )                            

     Plaintiffs-Appellants,       ) 

                             ) 

v.                                ) No. 98--L--14

                                  )

JOSEPH BURSTEIN; CHESTNUT         )

MOUNTAIN LODGE JOINT VENTURE      )

AND ITS UNKNOWN OWNERS;           )

CHESTNUT MOUNTAIN RESORT, INC.;   )

CHESTNUT MOUNTAIN SLIDE COMPANY;  )

CHESTNUT MOUNTAIN SKI CORPORATION;)

GALENA LODGE CORPORATION; and     )

JO DAVIESS COUNTY,              ) Honorable

                                  ) William A. Kelly,

Defendants-Appellees.        ) Judge, Presiding.

_________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

Plaintiffs appeal from the trial court's order granting summary judgment in favor of defendants and denying summary judgment to plaintiffs.  We affirm.

Defendants Chestnut Mountain Lodge Joint Venture and Its Unknown Owners, Chestnut Mountain Resort, Inc., Chestnut Mountain Slide Company, and Chestnut Mountain Ski Corporation, of which defendant Joseph Burstein is an owner, operate a ski resort in unincorporated defendant Jo Daviess County.  With the exception of Jo Davies County, the defendants shall be referred to collectively as Chestnut Mountain defendants. Plaintiffs, Jean Fisher, Joseph Fisher, Janet Fisher, and Susan Yellen; James Otis and Margaret Otis, individually and as trustee of the Margaret B. Otis Trust; and Adlai Stevenson and Nancy Stevenson, own land adjacent to or near the Chestnut Mountain lands.  In 1997, the Chestnut Mountain defendants opened a new snowboarding facility called "The Far Side" and a new building called "Village Ski Center" on the eastern slope of the mountain.  In July 1998, plaintiffs filed a complaint seeking declaratory and injunctive relief against the Chestnut Mountain defendants (not including Burstein) to prohibit the operation of The Far Side "without proper authorization."  In June 1999, plaintiffs amended their complaint, adding Burstein and Jo Daviess County as defendants.  Count I alleged that the Chestnut Mountain defendants developed and operated The Far Side in violation of the county zoning ordinance and sought declaratory relief, an injunction permanently enjoining further use or development of The Far Side, and an order of 
mandamus
 directing the County "to perform the statutory duties to effectuate" any order of the court.  Counts II, III, and IV raised issues of breach of covenant, contempt, nuisance, and trespass.  The parties filed cross-motions for summary judgment on count I.  The trial court granted the defendants' motions and denied plaintiffs' motion.  This appeal followed.

Plaintiffs contend that the trial court erred in granting defendants' motions for summary judgment.  A motion for summary judgment should be granted only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  
Romano v. Morrisroe
, 326 Ill. App. 3d 26, 27-28, (2001).  The disposition of a summary judgment motion is not discretionary, and the standard of review on appeal is 
de novo
.  
Romano
, 326 Ill. App. 3d at 28.  To determine whether a genuine issue of material fact exists, a reviewing court must consider the pleadings, depositions, admissions, exhibits, and affidavits on file and construe them liberally in favor of the opponent of the motion and strictly against the movant.  
Romano
, 326 Ill. App. 3d at 28.

The relevant facts are not in dispute.  Chestnut Mountain was developed as a ski resort in 1959, prior to the enactment of the ordinance in question.  The resort includes a hotel with lodging and food and beverage facilities, pool facilities, a miniature golf putting green, tennis courts, and illuminated parking.  The west-northwest slope of the mountain was developed with downhill ski trails, chair lifts, flood lights, loudspeakers, an Alpine slide, and snow-making and snow-grooming machines.  The eastern slope of the mountain was not developed prior to 1997, with the exceptions of a sewage treatment facility, a retention pond, and an unpaved bicycle trail. The Jo Daviess County zoning ordinance was approved on December 14, 1993, and became effective on March 1, 1995.  The development of The Far Side in 1997 included land clearance, creation of a ski trail and a "terrain park" for snowboarding, construction of a chairlift, and installation of light towers, snow-making and snow-grooming machines, electric and water infrastructure, and signs.  The Chestnut Mountain defendants did not apply for or obtain any zoning permits from the county before they developed The Far Side.  The county's position on the matter was that its ordinances did not require any additional zoning permits.

Section 12.1 of the ordinance provides in relevant part:

"PERMITTED USES

No building or other structure shall be erected, altered or enlarged and no use of land shall be established or enlarged for any use except a use that is named in the list of permitted uses for the zoning district in which the building, structure or land is, or will be located.  There shall be two (2) exceptions to this requirement:

Uses lawfully established on the effective date of this Ordinance may be continued subject to the conditions and restrictions contained in Article XIV (page 61)[;]

Special uses may be allowed, but only in accordance with the provisions of article XIII, Section 13.7 (page 52)[.]" Jo Daviess County Zoning Ordinance, §12.1(A) (eff. March 1, 1995). 

Section 14.3 of the ordinance provides:

"NON-CONFORMING USES--When the applicable district regulations do not allow as a permitted use *** an existing use of land not involving a building or structure, such existing use may be continued except as otherwise permitted by this Article ***.

A.  
Change

***

(2) The non-conforming use of land, not involving a building or structure, or in connection with which any building or structure thereon is incidental or accessory to the principal use of land, shall not be changed to any use, except to a use permitted in the district in which the land is located[.]" Jo Daviess County Zoning Ordinance §14.3(A)(2) (eff. March 1, 1995).

Plaintiffs assert that the Chestnut Mountain defendants maintained six nonconforming uses at the effective date of the ordinance, including the chairlift and floodlight structures, underground electric cable, water main infrastructure, and the ski slope.  Plaintiffs then contend that the term "continued," as applied to nonconforming uses, does not allow for the expansion of such uses.  Thus, according to plaintiffs, the Chestnut Mountain defendants improperly developed The Far Side, since such development was a prohibited expansion of a nonpermitted use.  We disagree.

Section 12.1(A) prohibits the establishment or enlargement of a use of land that is not listed as a permitted use, with an exception for uses lawfully established on the effective date of the ordinance.  Such uses may be "continued," subject to article XIV restrictions.  See Jo Daviess County Zoning Ordinance, §12.1(A) (1) (eff. March 1, 1995).  Plaintiffs argue that the word "continue" denotes maintenance or endurance, not an expansion or increase.  Further, according to plaintiffs, "continued" has a "temporal" connotation, referring to time or duration, not a "spatial" connotation referring to area or the dynamics of development. 

We look to the language and structure of the ordinance to determine its meaning.  Section 12.1(A) prohibits establishing or enlarging a nonpermitted land use with two "exceptions," one of which is enlarging nonconforming uses 
existing on the effective date of the ordinance
.  Thus, nonconforming uses existing on the effective date are excepted from the general prohibition against establishing or enlarging a nonpermitted land use.     

A governmental body may restrict a nonconforming use as may be necessary for public health, safety, comfort, or welfare.  
Ford City Bank & Trust Co. v. County of Kane
, 114 Ill. App. 3d 940, 953 (1983).  Such regulation may cover the extension or expansion of such uses.  
Cities Service Oil Co. v. Village of Oak Brook
, 15 Ill. App. 3d 424, 428 (1973).  However, such a regulation is not required, nor is it implied.  The ordinance at issue in this case contains no provision that would prohibit the extension or expansion of nonconforming uses.  Section 14.3(A)(2) provides that a nonconforming use of land shall not be 
changed
 to any use other than a use permitted in the district, but nowhere is the 
expansion
 of a nonconforming use prohibited.  The absence of such a prohibition is made all the more apparent by the inclusion of section 14.4 of the ordinance, which provides that 
lawful
 special uses, which are distinct from and not to be considered nonconforming uses, are not to be "substantially expanded" unless a supplemental special use permit is obtained.  See Jo Daviess County Zoning Ordinance §14.4 (eff. March 1, 1995).  Under the principle of 
inclusio unius est exclusio alterius
, the enumeration of an exclusion in a statute or ordinance is construed as the exclusion of all others.  
Knolls Condominium Ass'n v. Harms
, 326 Ill. App. 3d 18, 22 (2001).  While the county could have imposed some similar restriction on the expansion of nonconforming uses, it did not do so, and we will not impose such a restriction on our own accord.  

Ordinances are 
sui generis
; the interpretation of an ordinance must be based on the language contained in that particular enactment.  Zoning ordinances are to be construed in the same manner as statutes; effect should be given to the intent of the drafters by concentrating on the terminology, its goals and purposes, the natural import of the words used in common and accepted usage, the setting in which they are employed, and the general structure of the ordinance.  
Monahan v. Village of Hinsdale
, 210 Ill. App. 3d 985, 993 (1991).  While citation to general rules of statutory construction is appropriate, citation to  cases in which ordinances were found to prohibit expansion of nonconforming uses is of little value unless the ordinances were worded the same.  Plaintiffs' reliance on and citation to such cases is misplaced and of little value.  

In the absence of any explicit restriction on the expansion of a nonconforming use in the ordinance, we conclude that such expansion was not prohibited as a matter of law.  Therefore, the trial court did not err in granting defendants' motions for summary judgment on count I.      

 
 For these reasons, the judgment of the circuit court of Jo Daviess County is affirmed.

Affirmed.

HUTCHINSON, P.J., and CALLUM, J., concur.