(No. 33280.—

CHICAGO TITLE AND TRUST COMPANY, Appellee, *vs.* THE VILLAGE OF FRANKLIN PARK, Appellant.

*Opinion filed October 25, 1954—Rehearing denied Dec. 20, 1954.*

NORMAN E. JACOBSON, of Franklin Park, for appellant.

HOWARD & HOWARD, of Chicago, (MARSHALL S. HOWARD, of counsel,) for appellee.

Mr. CHIEF JUSTICE BRISTOW delivered the opinion of the court:

This appeal from the circuit court of Cook County challenges the propriety of a judgment entered there for the plaintiff who sought to have declared invalid and void the zoning ordinance which reclassified its property. Plaintiff was the owner of a ten-acre tract of land in the northern portion of the village of Franklin Park. This property was annexed to the village in 1946, at which time the corporate authorities considered the property as suitable for industrial purposes—and so zoned it.

On August 20, 1952, another zoning ordinance was enacted which zoned the premises in question for residential purposes. The trial court, after a hearing of the cause, entered a declaratory judgment holding the latter legisla-

tion on the subject to be unreasonable, unconstitutional and void as to the plaintiff's real estate. It is certified that the validity of the municipal ordinance is involved, and that in the court's opinion the public interest requires that an appeal be taken to this court.

Plaintiff's property consists of a single parcel of vacant land with an area of ten and a fraction acres located in the northern section of the village of Franklin Park. It is bounded on the east by the double-track through line of the Soo railroad, upon which passes a number of freight and passenger trains daily. Adjacent to the property on the east and north are several switch tracks used by the Soo line for switching operations into the several factories in the area. A short distance to the north there is located a freight marshalling yard of the Soo Railroad. The property is bounded on the west by Rose Avenue, a heavily traveled through street. On the north the property is bounded by a factory building of the Airway Corporation which is a block in length. On the south extending two or three blocks is a series of subdivisions containing approximately 180 homes built in the last ten years. One homeowner in this area testified that his house was a four-room brick structure with a side drive, attic, and basement with a frontage of 65 feet, nicely landscaped. Most of the residences were constructed by the same man. There was no proof as to the value of these houses nor as to the time of their erection, nor was there any proof as to the possible depreciation of their values if the instant property was put to industrial use. The first row of homes immediately south have their rear fences and garages bordering on the property in question while the residences face in the opposite direction.

Directly across Rose Avenue to the west is a factory building of the Adams Rubber Company which is approximately 200 feet long. Looking from the plaintiff's property to the east, north and west you can see factories of all

sorts. We will not burden the opinion with the details of the industrial activity surrounding the instant property on three sides. Suffice it to say plaintiff's property is situated in a veritable industrial pocket. The uncontradicted proof indicates that for residential purposes plaintiff's property has a value of $30,000 but for industrial uses it is fairly worth $105,000. It is the contention of the plaintiff that the holding of the trial court is correct and that the zoning ordinance restricting the use of plaintiff's property to residential purposes only is invalid and void because it bears no relation to public health, safety, comfort, morals or general welfare.

We are not unmindful that the zoning regulations are sheltered with the presumption of validity and that zoning for residential purposes is always impressed with the wholesome objective of protecting the civic and social values of the American home. Here, however, there is no proof that the residential properties adjacent to the instant tract of land will suffer if one more industrial operation is added to the great number that already abounds in that area. On the contrary, if only residential use was enforced, the damage to the plaintiff is appreciable and the effect is confiscatory.

It would be difficult to find a case more analagous to the one before us than *Hannifin Corp.* v. *City of Berwyn*, 1 Ill. 2d 28. Dealing with facts strikingly similar to those before us, we held that the zoning ordinance was not enforceable. We here adopt the reasoning appearing in this decision and reach the same conclusion that the trial court was correct in its determination that the property in question is wholly unsuited for residential purposes, that to solely restrict its use has the effect of destroying substantial values, that such an ordinance bears no relation to public health, safety, morals or general welfare and is therefore unconstitutional, illegal and void.

*Judgment affirmed.*