(No. 37433.—

BERNICE WIERCIOCH *et al.,* Appellees, *vs.* THE VILLAGE OF NILES, Appellant.

*Opinion filed March 22, 1963.*

JAMES A. GEOCARIS, Village Attorney, of Niles, (OWEN RALL, of Chicago, of counsel,) for appellant.

PHILIP J. R. EQUI, and EQUI, FARWELL & MURRAY, of Oak Park, (FRED J. LAW, JR., of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Bernice Wiercioch, joined by the Sun Oil Company, brought action in the circuit court of Cook County to declare invalid a zoning ordinance of the village of Niles, as it applies to her property. Evidence was heard before a master, after which judgment was entered granting relief. The village appeals directly to this court, the court having certified that the public interest requires direct appeal.

The property is a vacant, triangular tract with the base of the triangle at the north end and the hypotenuse on the west side running in a southeasterly direction. The north side is about 112 feet in width and lies along Lee Street, a little-traveled street. On its east side the tract is bounded by Ozanam Avenue, an even less traveled street, and runs south a distance of 175 feet. On the west is Milwaukee Avenue, a heavily traveled thoroughfare running in a southeast—northwest direction. The tract has a frontage of some 204 feet along Milwaukee Avenue.

The property is located in an R-4 zoning district, wherein multiple dwellings are permitted. Gasoline filling stations are not permitted. On October 26, 1960, Bernice

Wiercioch, the owner, entered into a contract for sale of the property to the Sun Oil Company for use as a filling station. Performance of the contract was made subject to the condition that a permit could be obtained for such use. Thereafter the plaintiffs' application for a permit was denied by the village building commissioner, and they applied to the zoning board of appeals for a variation. The board of appeals recommended the granting of a variation but the village board of trustees, in whom the power of decision was vested, denied the request. The present action followed.

The master concluded that although the area is generally residential in character the subject property is not suited for such use because of its size and shape, and because it is surrounded by three streets, one of which is a heavy traffic artery. It was found that under present zoning ordinances building height is limited to not more than three stories or forty feet, whichever is lower, and that because of the lot's triangular shape, the front, rear and side yard requirements of the ordinance leave available for building only 1,089 square feet out of a total area of 9,800 square feet. In agreeing that the ordinance is arbitrary the court found "that because of the size and shape of the subject property, and the extremely limited proportion thereof which may be used to construct a structure thereon, and because the subject property is surrounded by three streets, namely Lee, Ozanam and Milwaukee Avenue, which is a heavy traffic artery, the highest and best use of subject property is for a service-type use of a drive-in nature, such as a gasoline filling station."

From our examination of the evidence we are satisfied that both the master in chancery and the court were warranted in their conclusions. The neighborhood is residential in character, although a cemetery is located across Milwaukee Avenue and runs a considerable distance north and south. Along the east side of Milwaukee Avenue, ex-

cept for the subject property, there are a number of six-flat apartment buildings. There is a filling station about a block and a half south, and one about three blocks north. To the east there are one-story ranch-type residences of substantial value.

The testimony is in conflict on whether the restrictions bear a real and substantial relation to the public interest. Plaintiffs' witnesses testified that uses which involve approaching the premises on foot are not conducive to public welfare and safety, because the only pedestrian access is from across surrounding streets, and that community interests would be best served, or at any event not adversely affected, if the property were put to some kind of drive-in use. Defendant's witness testified to the effect that present restrictions are necessary to prevent impairment of surrounding values, and that the proposed use would diminish the value of nearby residences. It is not denied that the ordinance substantially reduces the value of plaintiffs' property. Although there is the usual conflict in testimony, the evidence introduced on plaintiffs' behalf, when considered in the light of undisputed physical facts, is sufficient to warrant the conclusion that no reasonable consideration of public welfare requires the loss in value resulting from the present classification. Where property is not suitable for the uses to which it is restricted, and it is shown that there is no reasonable basis in public welfare to justify the restriction and resulting loss, the ordinance fails. (*Atkins* v. *County of Cook,* 18 Ill.2d 287; *La Salle Nat. Bank of Chicago* v. *County of Cook,* 12 Ill.2d 40.) Such is the case here. We cannot accept defendant's argument that the subject property is suitable for multiple-dwelling use because more than 1089 square feet could be utilized if an irregularly shaped building were constructed instead of a square one, and because it might be possible to obtain a variation from the yard requirements.

Defendant contends the plaintiffs are barred because they failed to exhaust their administrative remedies by seeking a variation only from yard requirements or building restrictions other than those of use. It is suggested that such relief would have removed much of the consequences of the existing zoning. We do not think the rule requiring first resort to administrative remedies goes as far as defendant urges. Plaintiffs sought a variation to enable them to construct a filling station. This is sufficient for purposes of the rule. The reason for the rule is to give the municipal authorities an opportunity to correct invalid regulation before becoming involved in litigation. (*Herman* v. *Village of Hillside,* 15 Ill.2d. 396, 408.) When plaintiffs made their application ample opportunity was given the village to correct the regulation.

Defendant lastly contends that plaintiffs are estopped from attacking the validity of the present classification because plaintiff Wiercioch, shortly after she acquired the property, applied for and received a rezoning to residential use. We cannot accept the argument. The ordinance involved here is solely the act of a legislative body, not that of the plaintiff or other private party. Where it is beyond the legislative power, a participation such as that of the plaintiff in this case does not estop a party from asserting the want of authority. See *National Brick Co.* v. *County of Lake,* 9 Ill.2d 191; *People ex rel. Shaw* v. *Stewart,* 281 Ill. 365.

We have considered each of the defendant's arguments but find that none has shown reversible error. The judgment is accordingly affirmed.

*Judgment affirmed.*