(No. 37605.—

HENRY FRANZ *et al.*, Appellees, *vs.* THE VILLAGE OF MORTON GROVE, Appellant.

*Opinion filed May 27, 1963.*

JAMES G. ORPHAN, of Morton Grove, (CHARLES D. SNEWIND and GABRIEL S. BERRAFATO, of counsel,) for appellant.

WOOSTER & MUGALIAN, of Chicago, (CHARLES C. WOOSTER and RICHARD A. MUGALIAN, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The village of Morton Grove appeals from a declaratory judgment holding its zoning ordinance invalid as applied to certain land, now vacant, on the northeast corner of Oakton Street and Austin Avenue. The district in which it lies is zoned for single-family residences. The owners desire to use it for light manufacturing, and the court agreed with the master in finding the restriction unreasonable insofar as it prohibits such use.

Oakton Street is an east-west, heavily traveled thoroughfare. Austin Avenue runs north and south. It is lightly traveled except when employees are going to and from work at the factories located on the west side of the avenue. At such hours there is a considerable amount of congestion, requiring a traffic policeman to be stationed at the intersection. The subject property is a rectangular tract with a frontage of 330 feet along the north side of Oakton Street and 660 feet on the east side of Austin Avenue. The area on the west side of Austin Avenue and beyond is zoned for manufacturing and has been developed for both light and heavy industrial uses. A filling station occupies the northwest corner of the intersection. Immediately north of it is a series of manufacturing plants, the fourth of which is that of the Bell & Gosset Company. Across

Austin Avenue from that plant, and adjacent to the north side of the subject property, is a parking lot for Bell & Gossett employees. North of the parking lot is a recreational or athletic field also maintained by the Bell & Gossett Company for use of its employees. The combined area of the parking lot and the recreational field is approximately 7½ acres, and they extend east about 165 feet beyond the east line of the subject property. The area north of the recreational field is built up with single-family residences. East of the subject property, and of the parking lot and recreational field, there is vacant land as far as the next north-south street, beyond which lies another built-up residential section. Across Oakton Street to the south of the subject property lies a large tract of vacant land recently acquired for high-school purposes, including an athletic field.

Opinions of experts were in conflict as to the highest and best use of the subject property. As to value, two of the expert witnesses for the plaintiffs were of opinion that if zoned for light industry the land would be worth from $175,000 to $217,000, and that its value for residential purposes would range between $20,000 and $54,000. The two witnesses for defendant testifying as to values expressed opinions that the value for light industry was $90,000 and $200,000, respectively, and that for residential purposes the land was worth $75,000. Plaintiffs' witnesses testified that use of the land for light industrial purposes would not adversely affect the value of surrounding territory, while witnesses for defendant were of opinion that the value of the surrounding territory would be adversely affected within a quarter of a mile to the east and north of the subject site.

To reverse the judgment the village argues that Austin Avenue is a proper and reasonable line of demarcation, and that use of the subject property for light manufacturing would constitute an unwarranted intrusion into an area of

single-family detached residences. We think, however, that a careful examination of the testimony, maps and photographs in evidence shows the trial court to have been correct in its conclusion. The areas devoted to residential use are located to the north and east only, and are separated from the subject land by the industrial parking lot and baseball field on the north and by vacant land on the east. There is no question that the restriction works a substantial loss in the value of the subject property, and where such is the case the test of validity is whether the destruction of value promotes the public health, safety, morals or general welfare. (*Krom* v. *City of Elmhurst,* 8 Ill.2d 104; *Chicago Title and Trust Co.* v. *Village of Franklin Park,* 4 Ill.2d 304.) The only specific respect in which defendant argues the public interest is served by application of the ordinance is the conservation of nearby residential property values. But it is clear on this record that the promotion of any such public benefit is highly doubtful. The nearest residence is 363 feet away from the border of the subject property, and a heavy concentration of industry is directly across the street from it. Under the circumstances appearing here we find no convincing evidence that the residential properties to the north and east will suffer by the presence of one more light industrial operation in the area. Cf. *Chicago Title and Trust Co.* v. *Village of Franklin Park,* 4 Ill.2d 304; *Northern Trust Co.* v. *City of Chicago,* 4 Ill.2d 432, 438.

A fair appraisal of the present site reveals that it takes its character from the manufacturing area across Austin Avenue and has little desirability for residential use. Its size is not great enough for a subdivision with suitable separation from the adjoining industrial district, the traffic movement from nearby factories is not compatible with a residential area, and the "intrusion", if any, was made when the industrial employees' parking lot was installed next to the subject property. As the trial court found, "it is bounded

on three sides by non-residential uses of heavier burden than that ordinarily found in a residential neighborhood."

We conclude that the gain to the public is small when compared with the hardship imposed on the plaintiffs and that no valid basis exists for an exercise of the police power. Mere conflict in the testimony as to the highest and best use of property, or as to the effect of the proposed land use upon nearby property values, does not make irrebuttable the presumption that an ordinance is valid. (*Bauske* v. *City of Des Plaines,* 13 Ill.2d 169.) It is clear from an examination of the evidence in its entirety that the circuit court of Cook County did not err in declaring the ordinance void as to the property in question. The judgment is therefore affirmed.

*Judgment affirmed.*