(No. 38023.— )

CHICAGO TITLE AND TRUST COMPANY, Appellee, *vs.* THE
CITY OF HARVEY, Appellant.

*Opinion filed January 22, 1964.*

LEONARD WALBERG, of Harvey, and THOMAS A. MAT-
THEWS and BYRON S. MATTHEWS, of Chicago, for appel-
lant.

MORRIS S. BROMBERG, of Chicago, for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the
court:

This is an appeal from a judgment of the circuit court of
Cook County holding that a zoning ordinance of the city of
Harvey was unconstitutional and void insofar as it changed
the classification of plaintiff's land from residential to light
manufacturing.

The defendant city predicates its appeal on three conten-
tions: First, that there was no evidence to support the judg-
ment because there was no showing that the ordinance com-
plained of adversely affected the fair market value of the

subject property but that evidence did show that the property, although subdivided since 1891, had remained vacant until the present time because it is unsuitable for residence purposes; second, that residences may be barred from manufacturing districts by a properly adopted zoning ordinance particularly where the area is not suitable for residence purposes (*People ex rel. Skokie Town House Builders* v. *Village of Morton Grove,* 16 Ill.2d 183) ; and third, that the trial judge had made up his mind as to what order would be entered before any evidence was heard.

Plaintiff's answer thereto is, first, that the city acted in an arbitrary manner when it rezoned a strip one-half block in width, immediately abutting the plaintiff's property, from manufacturing back to single-family use and refused to accord equal treatment to the plaintiff, whose property is identical in character; second, that there was no demand for the property zoned for manufacturing, but there was a market for the land zoned for residential use; and third, that the record shows that the trial judge was not prejudiced.

The record shows that the property involved consists of 123 lots in five blocks of Park Addition to Harvey, south of 159th Street and east of Ashland Avenue. In 1926 the property was zoned and classified for Class A Residential use, which limited the use of the area to single-family dwellings. In 1959 a zoning ordinance was enacted by the city which reclassified the property and other property adjacent thereto, from Class A Residential to Class M-1 Limited Manufacturing.

On January 24, 1962, another zoning ordinance was enacted by the defendant which reclassified property adjacent to the property of plaintiff from the classification of ML-Limited Manufacturing back to Class A Residential use, but did not reclassify the described property of the plaintiff.

In the case of *Standard State Bank* v. *Village of Oak Lawn,* 29 Ill.2d 465, at 469, this court stated: "We be-

lieve no useful purpose will be here served by reiterating the oft-stated factors determinative of the validity of zoning ordinances. They are set forth with supporting authorities in *La Salle Nat. Bank of Chicago* v. *County of Cook*, 12 Ill.2d 40, 46. Of paramount importance is the question as to whether the subject property is zoned in conformity with surrounding existing uses and whether those uses are uniform and established. (*River Forest State Bank and Trust Co.* v. *Village of Maywood,* 23 Ill.2d 560, 573; *Wehrmeister* v. *County of Du Page,* 10 Ill.2d 604, 608-9)." Consequently, we must analyze the facts in the light of these well settled determinative factors.

This case is the reverse of the usual zoning case which comes before us, because here the owners seek to have their property placed in a higher, rather than a lower classification. The record shows that there is not now, nor has there ever been, any manufacturing in the area involved. The area was originally platted in 1891, and over the years there has been a gradual growth of residences, with quite a surge of activity since 1961, resulting in the construction of 30 to 50 houses in the vicinity. Since the area was classified for light manufacturing use, there have been no concrete overtures on the part of prospective purchasers for such use, but there have been a number of prospects for homes. Testimony in the record indicates that the value of the land for residential purposes is about $1,100 per lot, whereas the value for manufacturing purposes is about $350 per lot. This latter value is contingent upon the vacation of streets and alleys, making the land available as acreage rather than as lots.

Real-estate brokers who testified for the plaintiff indicated that there was virtually no demand for land in the area to be used for light manufacturing and that the area so classified was too small for a manufacturing compound. There was also testimony that there was no provision for a "buffer zone" of commercial classification, and that the

light manufacturing classification created an island entirely surrounded by residential use.

These facts impel us to the conclusion that the public good would not, in fact, be served by classifying the property for light manufacturing, and that to do so would indeed deprive the owner of considerable value of the land. There was no explanation of the reason for changing the classification of some lots to the east of plaintiff's land from light manufacturing back to residential while failing to do so in the case of plaintiff's lots. Inasmuch as it appears that all the lots were of the same general nature, the refusal to reclassify the plaintiff's lots seems to be arbitrary and capricious.

We said in the case of *Wiercioch v. Village of Niles,* 27 Ill.2d 363, 366: "Although there is the usual conflict in testimony, the evidence introducted on plaintiffs' behalf, when considered in the light of undisputed physical facts, is sufficient to warrant the conclusion that no reasonable consideration of public welfare requires the loss in value resulting from the present classification." Such is the case here.

The second contention of the appellant, that a zoning ordinance may exclude residences from an industrial or manufacturing district, as decided in *People ex rel. Skokie Town House Builders v. Village of Morton Grove,* 16 Ill.2d 183, is applicable only if we proceed upon the assumption that the industrial zoning contained in the ordinance of 1959 was valid. Having come to the conclusion that it was not valid as applied to plaintiff's property, we do not find any repugnance between the *Morton Grove* case and our conclusion here. We said in the *Morton Grove* case, at page 189: "Caution will have to be used in the application of noncumulative ordinances because of the existing admixture of residential, commercial and industrial uses. The present character of a district may make an ordinance unreasonable and discriminatory, or there may be no reasonably immedi-

ate use of the land for commercial purposes, thereby denying an owner his constitutional privileges with respect to his land." The latter phrase is applicable to the present case. It is apparent that there is no reasonably immediate use of the plaintiff's land for industrial purposes, and to deny it the right to use the land for residential purposes is to deny it constitutional privileges with respect to the land.

The *Morton Grove* case is an expression of the desirability of separation of residential from commercial areas. Placing a light manufacturing area in the middle of a residential area is not in keeping with that expression.

We have examined the record carefully with respect to the contention that the trial judge demonstrated prejudice and do not find any basis for that contention.

The zoning ordinance of the city of Harvey, insofar as it applies to plaintiff's property, is arbitrary and unreasonable and cannot be sustained. The judgment of the circuit court is correct, and is accordingly affirmed.

*Judgment affirmed.*