MOBIL OIL CORPORATION *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF ROCKFORD *et al.*, Defendants-Appellees—(DAYTON A. EKSTROM *et al.*, Intervenors-Appellees.)

(No. 71-371; )

Second District—November 20, 1972.

*Rehearing denied December 27, 1972.*

Martenson & Donohue, of Rockford, for appellants.

A. Curtis Washburn, Assistant City Attorney and William E. Collins, Legal Director, both of Rockford, for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiffs applied to the City of Rockford for a rezoning of specific property, owned by the individual plaintiffs but optioned to the Mobil Oil Corporation, and requested that said Corporation be permitted to erect a gasoline station on such property. A committee of aldermen recommended the zoning change but the Council as a whole rejected the recommendation by a vote of 12 to 8. Plaintiffs then brought an action for declaratory judgment seeking to have a certain zoning ordinance of the City of Rockford declared invalid as applied to plaintiffs' property. The validity of the ordinance was upheld, the requested relief denied and plaintiffs appeal.

Plaintiffs' property is located in the southeast quadrant of the five-point intersection indicated on the following diagram. (See p. 651.)

The intersection and surrounding streets are presently the subject of an improvement plan which will convert the site to a four-point intersection. In execution of the plan, part of plaintiffs' property will be taken. Median strips will be installed to bar vehicles from crossing the road except at designated points.

Testimony revealed that these intersecting streets are now, and will remain, some of the most heavily travelled in the City.

The property in question, part of the Log Cabin Arbor Subdivision, is

**N**
**W** ✦ **E**
**S**

NO ZONING INDICATED

SHOPPING CENTER

SHOE STORE
FISH LOCKER
DRIVE-IN CLEANERS
NEWBURG ROAD
ALPINE ROAD
SILVAN RD

BROADWAY
ROAD

AUTO CENTER

CHARLES
REALTY

DONUT SHOP

TIRE DEALER

STREET

DRIVE IN RESTAURANT

SUPER MARKET

☒ : LOCAL BUSINESS

☒ GENERAL COMMERCIAL

☐ A, B, or C RESIDENTIAL

☒ PREVIOUS COURT ORDER

○ EXISTING GAS STATIONS

comprised of four lots facing Alpine Road plus a 45-foot extension into the three lots immediately east (facing Silvan Road) which lots are also owned by plaintiffs. The Alpine Road lots are zoned for local business;

the Silvan Road lots (and all property east for several blocks) are zoned A-residential.

Local business zoning permits property to be used for hospitals, auto courts, roofing and plastering shops, printing shops, restaurants (not drive-in types), plumbing shops, hotels, dairies, dyeing and cleaning works, laundries, banks, laboratories, electrical repair shops and 31 other businesses.

The ordinance pertinent to general commercial districts (sec. 44—11) deviates in form from the preceding zoning ordinances and, rather than setting forth permissible uses, lists ten prohibitions, the tenth reading:

"Any manufacture or treatment whatsoever, except such light manufactures as are carried on within entirely enclosed buildings and which create no objectionable noise, odor, smoke, fumes, vapor, dust, or gas. Nothing in this section shall be deemed to exclude a newspaper establishment, a car barn, auction rooms, battery service stations, gasoline and oil stations, parking lots and used car lots—commercial, public garages, tin smith shops, tire repairing shops, drive-in amusement places, drive-in recreation buildings, drive-in restaurants, or an electric sub-station from a general commercial district."

During trial, the staff director of the City-County Planning Commission testified on behalf of the City and distinguished the zoning classifications stating that the local business classification permitted businesses primarily intended for neighborhood convenience, those which were generally considered of less nuisance than businesses permitted in the general commercial district. The latter types were said to be those businesses which are highway or automobile oriented and characterized by noise and light. The same witness stated that there was concern for maintaining the residential character of the subdivision and that the local business classification of the subject lots was more compatible to that intent than a general commercial classification.

The record indicates that within the immediate and/or general area of the intersection, and on property zoned identically to plaintiffs', there is a large shopping center, a drive-in cleaner, a realty office, pizza, chicken and hamburger eating places, a tire dealer, a super market and a franchise donut shop. In the area just northwest of the intersection, two gas stations are also established on property zoned for local business.

Immediately west of the intersection (directly opposite the property here in question) and in an area running generally northwest to southeast, various properties have been zoned to the general commercial classification. Thereon are located such businesses as a restaurant, an automobile center, a realtor and four gas stations. One gas station is across the street

from plaintiffs' property, one diagonally northwest, and one, just to the south.

■■■ It is well settled that there is a presumption favoring the validity of an ordinance. But an ordinance will be found invalid if a petitioner proves that, as applied to his property, the ordinance is unreasonable, arbitrary and capricious, bearing no relation to public health, safety, morals and general welfare. (*Urann v. Village of Hinsdale* (1964), 30 Ill.2d 170, 174-175; *Wehrmeister v. County of Du Page* (1957), 10 Ill.2d 604, 608.[1]) In a case such as this, it is of paramount importance to determine whether the property in question is zoned in conformity with surrounding existing uses and whether these uses are uniform and established. *Chi. Title & Trust Co. v. City of Harvey* (1964), 30 Ill.2d 237, 239; *Mid-West Emery Freight v. City of Chicago* (1970), 120 Ill.App.2d 425, 435; *Dixon v. County of Kane* (1966), 77 Ill.App.2d 338, 340.

In the case before us, it is noted that four gas stations are established, not as non-conforming exceptions, but on property zoned for general commercial. That property is, in some instances, immediately adjacent to residentially zoned areas. In two other instances, gas stations have been permitted on property zoned local business, despite the fact that such stations are adjacent to residential property. Thus, past performance indicates that the City has neither consistently maintained a buffer area of local business zoning to protect the residential character of the subdivision, nor barred gas stations from area proximate to residential property.

Past performance and current uses also defeat the City's argument that adherence to the present zoning classification of plaintiffs' property is intended to protect the area from the nuisance of highway or automobile-oriented uses. Most of the businesses already in the area, and those permitted under the local business classification, are, like a gas station, dependent upon automobile traffic. In any case, it would be impossible to avoid the nuisance of automobile traffic at the junction of heavily trafficked, arterial streets.

The arbitrariness in the granting of zoning classifications is accentuated by the fact that the general commercial property directly across the street from plaintiffs' property, now houses a gas station and may be used for light industry.

In view of these factors and evidence in the record indicating that modern service stations, by their design and use, have a minimum nuis-

---

[1] Factors in making this determination have been frequently stated. *Tillitson v. City of Urbana* (1963), 29 Ill.2d 22, 27; *Chi. Title & Trust Co. v. Vil. Wilmette* (1963), 27 Ill.2d 116, 123-124; *Elmhurst Nat. Bk. v. City of Chicago,* (1961), 22 Ill.2d 396, 402; *Hartung v. Village of Skokie* (1961), 22 Ill.2d 485, 494.

ance factor, the City's refusal to permit the petitioned use is arbitrary and unreasonable.

■■ Evidence further shows that the subject property is worth $239,600 for service station use; as presently zoned, its value is $147,600. Where it is shown that a substantial loss in value results from the retention of current zoning, the validity of the restriction is tested by whether it promotes the general welfare. (*Franz v. Village of Morton Grove* (1963), 28 Ill.2d 246, 249.) An appraiser, testifying on behalf of plaintiffs herein, indicated there would be little or no loss to the value of adjoining residential properties if the station were constructed.

None of the adjoining homeowners testified in opposition to the proposed use, nor was there testimony against the use by any of the several intervening residents of the subdivision. The City's expressed concern that construction of this service station would threaten the residential character of the area, does not seem to be shared by the residents.

■■ The record affords no evidence to show that a substantial public interest would be served by denial of the proposed use. Where the public gain is small compared to the hardship imposed on the property owner, the presumption of the validity of the ordinance will be overcome. *Westfield v. City of Chicago* (1962), 26 Ill.2d 526, 531; *Peo. ex rel. Chi. Title & Trust Co. v. Reiter* (1962), 25 Ill.2d 41, 45; *Marquette Nat. Bk. v. County of Cook* (1962), 24 Ill.2d 497, 502.

■■ Finding no reasonable basis for adhering to the present zoning classification of the subject premises, we hold that the ordinance was unconstitutional as applied to plaintiffs' property. The judgment of Circuit Court of Winnebago County is reversed and the cause remanded with directions to grant the relief prayed.

Reversed and remanded with directions.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.