HERBERT J. JACKSON, Individually and as Trustee Under the Will of EMILY M. JACKSON, Deceased, *et al.*, Plaintiffs-Appellants, *v.* THE COUNTY OF DU PAGE, Defendant-Appellee.

(No. 71-343;

Second District—March 5, 1973.

*Rehearing denied April 24, 1973.*

Edward Van de Houten, Jr., of Glen Ellyn, for appellants.

William V. Hopf, State's Attorney, of Wheaton, (Ralph J. Gust, Jr., and Malcolm F. Smith, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiffs, fee owners and contract purchasers of certain property, brought this action for declaratory judgment seeking a determination that the zoning ordinance, classifying their property as a single family residence district, was void. It is their position that they should be permitted to construct a gasoline service station and convenience food market on the site. It is from an order denying the requested relief that plaintiffs appeal.

Plaintiffs' property is located on the southwest corner of the intersection of Villa and Fullerton Avenues in Du Page County, with a frontage of 235 feet on Villa and approximately 89 feet on Fullerton. Although this property is unincorporated, the land abutting and adjacent to the south and southwest is within the Village of Addison. Along Villa Avenue, one-half block north of the intersection on the east side of the street, and one block north on the west side of the street, the land is also within the limits of the Village of Addison. The area to the east is unincorporated. Plaintiffs' property, then, is located on an irregular corridor of unincorporated land which continues westward on Fullerton for ap-

proximately two blocks and extends north and south of Fullerton for approximately one to one and one-half blocks.

A Commonwealth Edison right of way (approximately two hundred feet wide) runs in a southwesterly to northeasterly direction in the area in question, diagonally crossing the intersection of Villa and Fullerton. The right of way occupies the northwest corner of the intersection and about half of the northeast corner, and crosses the northwest corner of plaintiffs' property. Along the right of way are electrical system support towers.

On the east side of Villa Avenue, directly north of the right of way, a large area is occupied by the Addison Sewerage Disposal Plant and Public Works Garage. North of the plant are single family residences, and north of those are the King Arthur Apartments.

Immediately north of the right of way on the west side of Villa, and stretching west, the land is mostly vacant. Approximately one hundred fifty feet north of the right of way is a two-story, two-family residence next to which is a taxi cab company. The entire area north and northwest, directly across from the Disposal Plant, is developed as single family residences.

East from the subject property, both north and south of Fullerton Avenue, the land is sparsely developed with single family residences and is otherwise vacant except for farming approximately one-fifth mile east on the north side of Fullerton. Small shacks are located on the southeast corner of the intersection.

Adjacent, to the south and southwest of the site, property is developed with single family residences, except for land used as a farm about a block to the south.

With the exception of the Addison Disposal Plant which is zoned as a community business district, all of the Village land described is zoned for residential purposes. All of the County land described is zoned for single family residences.

■■ It is well settled that there is a presumption favoring the validity of a zoning ordinance, and the party attacking its validity has the burden to prove, by clear and convincing evidence, that it is arbitrary and unreasonable. (*Urann v. Village of Hinsdale*, 30 Ill.2d 170, 174 (1964); *La Salle Nat. Bank v. City of Chicago*, 4 Ill.2d 253, 256 (1954).) The factors to be considered in a determination of validity have been frequently stated, *Tillitson v. City of Urbana*, 29 Ill.2d 22, 27 (1963) and *Chi. Title & Trust Co. v. Vil. Wilmette*, 27 Ill.2d 116, 123-124 (1963), but the most important of these are the uses and zoning of surrounding property. *Chi. Title & Trust Co. v. City of Harvey*, 30 Ill.2d 237, 239 (1964), *Ryan v. City of Elmhurst*, 28 Ill.2d 196, 198 (1963).

Plaintiffs maintain that the character of and other uses in the area are incompatible with the single family classification of the site property. The evidence related describes the uses and zoning of land for at least a thousand feet in any direction from the site. In the entire area, the only exception shown to residential zoning is the Addison Disposal Plant which is not under the jurisdiction of the defendant. The only exceptions to residential usage are the electrical right of way (a use exmpted from zoning restrictions), the taxi cab company (a non-conforming use) and a day camp which is across Salt Creek on the eastern edge of the Disposal Plant. While the area contains large tracts of vacant land, most of the occupied land, both Village and County is devoted to and zoned for residential use. Abutting to the south, adjacent (across an alley) to the west and continuing in a south and southwesterly direction from plaintiffs' property, lots are improved with single family residences. The area north on Villa Avenue and directly to the west of the Disposal Plant is totally built up with homes of "very excellent quality" and, within the described portion of the County, there are scattered single family residences in every direction from the subject property.

While plaintiffs stress the deviations from single family usage, the exceptions are actually few, and the area zoning, except for the Disposal Plant, is consistently residential. Under the facts shown, plaintiffs have failed to prove that the character of the area is incompatible with the residential classification of the subject property.

Plaintiffs' argument that the site is undesirable for residential purposes because of its proximity to the electrical right of way and the Disposal Plant loses force in light of other property, either zoned or used residentially, which is even closer to those developments. In view of the extensive areas of undeveloped land in the vicinity of the site and the fact that the electrical right of way completely occupies the northwest corner and a goodly portion of the northeast corner of the intersection, we are not impressed by plaintiffs' contention that the three other vacant corners of the intersection prove the site is unsuited to residential purposes.

■■■ Plaintiffs also point out that the site property has a value of only $6,000 as presently zoned, whereas it is worth $80,000 for the proposed use. However, that fact in itself is insufficient to overcome the presumption of validity of the ordinance. (*Reeve v. Village of Glenview*, 29 Ill.2d 611, 616 (1963); *Hedrich v. Kane County*, 117 Ill.App.2d 169, 174 (1969).) Although it is asserted that the loss of value should be considered in conjunction with the fact that there would be no detriment to the public welfare by reason of construction of the proposed use, the evidence on that issue was contradictory. There is likewise a conflict in the evidence on the question of whether the proposed use would cause a depreciation

of surrounding properties, and what the highest and best use of the site property would be. Where, as here, there is room for a fair difference of opinion as to the reasonableness of the zoning classification in question, the ordinance will not be disturbed. *Standard State Bk. v. Vil. Oak Lawn,* 29 Ill.2d 465, 471 (1963); *Vedovell v. City of Northlake,* 22 Ill.2d 611, 614 (1961).

After a consideration of the entire record, we have concluded that there was no error in the trial court's finding in favor of the validity of the ordinance.

Judgment affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.