CHICAGO TITLE & TRUST COMPANY, as Trustee, Plaintiff-Appellee, *v.* THE COUNTY OF DU PAGE, Defendant-Appellant.

(No. 72-58;

Second District—June 26, 1973.

T. MORAN, J., dissenting.

William V. Hopf, State's Attorney, of Wheaton, (Frank Petru, Assistant State's Attorney, of counsel,) for appellant.

Edward Van de Houten, Jr., of Glen Ellyn, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant appeals from a declaratory judgment that held the zoning ordinance of the county unconstitutional and void in its application to plaintiff's property prohibiting the construction of an automobile service station with repair facilities.

The subject property is located at the northeast corner of Route 83 and 91st Street, an unincorporated area, in Du Page County. It has a frontage of 150 feet on the east side of Route 83 and the west side of O'Neill Drive, and a frontage of 175 feet on the north side of 91st

Street. It consists of two lots, aggregating 26,250 square feet. The westerly lot is improved with an 18-year-old frame house with no basement.

The property is zoned R-3 (single family residence) under the Du Page County zoning ordinance, and is part of the Tri-State Village Unit No. 4 subdivision lying to the north and northeast. The Tri-State Village subdivision is sparsely improved with some modest homes constructed in the middle 1940's, and can be characterized as a fairly stagnant area. Three single family homes lie directly north and another east of the subject property and face O'Neill Drive.

Route 83, also known as the Robert Kingery Expressway, is a heavily traveled four lane divided highway, extending from Wisconsin to Indiana. Some 18,000 to 20,000 vehicles use this expressway during a 24-hour period. 91st Street is a section line road with stop signs at Route 83; the traffic on Route 83 at 91st Street being through traffic. O'Neill Drive is a subdivision street. The speed limit on Route 83 at 91st Street is 65 miles per hour.

The southeast corner of 91st Street and Route 83 is improved with a single family home that has been abandoned since a fire. Farther to the southeast the land is vacant. About ½ mile to the south is another subdivision. One and ½ miles to the east is the Sante Fe Speedway.

The southwest corner, zoned R-3, is presently vacant, but a circuit court decision has permitted the erection of a filling station there. Behind this presently vacant parcel is the Oaks Nursing Home allowed as a special use under the R-3 zoning. Farther southwest behind the nursing home is the Rosewood Trace apartment complex fronting both on Route 83 and 91st Street. Two blocks south of the subject property on the west side of Route 83 is a commercially zoned area adjacent to and part of another apartment complex.

The northwest corner of 91st Street and Route 83 is a vacant lot zoned residential and advertised for sale. One-half mile to the north of it and on the west side of Route 83 is the Timber Lake Estates property which consists entirely of single family homes ranging from $40,000 to $75,000. These homes have their own frontage road. Four homes sit high off the expressway, west and opposite the subject property. To the west on 91st Street, gutters and sidewalks for a new subdivision have been constructed.

There is much vacant land to the southeast, northeast, and northwest of the intersection in question. It is all zoned R-3.

Defendant contends the character and residential zoning of the area adjacent to the subject property is of such paramount importance that the trial court erred in its judgment permitting the proposed commercial

intrusion into it. Defendant additionally argues that although the Route 83 traffic is a factor to be considered, it does not render the residential classification unreasonable; that the proposed use is unreasonable; and that plaintiff has not sufficiently proven that the existing ordinance is unreasonable.

The factors which are relevant to our review of zoning have been often stated (*E.g., Hartung v. Village of Skokie* (1961), 22 Ill.2d 485, 494; *Kraegel v. Village of Wood Dale* (1973), 10 Ill.App.3d 486, 294 N.E.2d 64, 67, 68), and need not be repeated in general terms. We will review those which we find particularly relevant to the case before us.

The strongest factor which favors the defendant is that the character of the area as well as the present zoning classifications and uses in the area are predominantly residential. All four corners and the surrounding area, except for a small area two blocks to the south, are zoned residential. The immediate neighborhood is zoned for single-family residences but includes many vacant lots. The trend to the south is to multiple family housing. The nursing home adjoining the southwest corner, which is kitty-corner from the subject property, is essentially residential in character. However, it is also true that the existing residential properties consist of modest homes in the main built some 25 years ago and which do not front on Route 83; and that although much vacant land is available, the immediate area in question appears to be stagnant from the standpoint of constructing single-family residences. Route 83 is a heavily traveled arterial highway with expanding use. And the property on the southwest corner has been determined, by court decision, to be suitable for a filling station with further evidence that the other two corners have been abandoned for single-family residence purposes.

The depreciation of surrounding properties which would be caused by the proposed use would, moreover, be comparatively slight or non-existent. Plaintiff's expert testified that the depreciation would be zero; and defendant's expert testified to depreciation of one house of 10% and lesser amounts as to other neighboring homes. Evidence indicated the proposed use would be modernly designed and screened from adjacent properties.

The hardship to the owners would be substantial if they should be restricted to single-family residence zoning. Testimony indicated that the property as presently zoned and used is valued at $18,000—$20,000; while the amount to be paid by the Marathon Oil Company for the proposed use would be $75,000.

While there was some testimony that the proposed use might result in a safety hazard because of problems of ingress and egress onto Route

83 from the proposed filling station because of short acceleration lanes, the evidence supported the conclusion of the trial court that there would be no safety hazard, and, if necessary, appropriate safety measures could be taken by the State (which had already issued temporary access permits for the location).

■■■ All of the evidence, taken together, is sufficient to support the trial court's conclusion that the substantial restriction in the value of plaintiff's property which would be entailed if the single-family zoning classification were retained, is not required by any significant consideration of public welfare. In our view, the case was properly determined below on the principle that where the gain to the public is small when compared to the hardship imposed upon the individual property owner by the restriction of the zoning ordinance, no valid basis for the exercise of the police power exists. (*Mobil Oil Corp. v. City of Rockford* (1972), 8 Ill.App.3d 649, 654.) The law does not require that the subject property be totally unsuitable for the purpose classified but it is sufficient that a substantial decrease in value results from a restriction bearing no substantial relation to the public welfare. *Atkins v. County of Cook* (1960), 18 Ill.2d 287, 297; *LaSalle Nat. Bank v. County of Cook* (1957), 12 Ill.2d 40, 47-8; *LaSalle Nat. Bank v. Vil. of Harwood Heights* (1971), 2 Ill.App.3d 1040, 1047.

Defendant has cited our recent opinion in *Hawkins v. County of Du Page* (1972), 4 Ill.App.3d 306 (Abst.) which upheld a declaratory judgment denying a proposed rezoning for a motel, restaurant and filling station and which involved property abutting Route 83, as persuasive here. The case is distinguishable on its facts. In *Hawkins,* there was substantial evidence that the rezoning of the property would have a greater detrimental influence and cause greater depreciation to surrounding properties of substantial value than found to exist by the trial court in this case. The trial court's decision was held not against the manifest weight of the evidence.

Defendant has further argued that *Schultz v. Village of Lisle* (1972), 53 Ill.2d 39, should be controlling here. We do not agree. In *Schultz,* the court expressly noted that the case did not present the usual zoning question in the customary manner. (53 Ill.2d at 41.) In finding the proposed use unreasonable when the existing classification was admitted to be invalid, the court stressed the fact that there were no gas station uses or zoning in the entire area. Additionally in *Schultz* there was no indication that the residential use was stagnant and there was evidence of depreciation and proof of the negative effect on the surrounding properties if the gas station were permitted.

Our recent opinion in *Jackson v. County of Du Page* (1973), 10 Ill.

App.3d 497, 294 N.E.2d 773, is also distinguishable. Significantly, in *Jackson* there was neither a permitted use at the intersection in question similar to that proposed, nor did the property border on a highway with similar heavy traffic. Substantial residential properties bordered the subject property on two sides with others of "very excellent quality" in the neighborhood. In addition, there was evidence in *Jackson* of detriments to the public welfare besides depreciation to support the trial court's determination upholding the ordinance's validity.

The application of the traditional zoning test to the record before us requires the conclusion that, although the case is close on its facts, no substantial public interest would be served by denial of the proposed use. The judgment of the trial court is not against the manifest weight of the evidence and we therefore affirm.

Affirmed.

GUILD, P. J., concurs.

Mr. JUSTICE THOMAS J. MORAN dissenting:

An earlier court order had allowed a gas station use on the corner diagonally across from plaintiff's property. That lot is owned by an adjacent nursing home and the permitted use has not been implemented. But for this single, unimplemented court-ordered exception, properties in the immediate area conform to existing residential zoning ordinances.

My review of the record indicates that this is the only factor which distinguishes the present case from our recent decisions in *Hawkins v. County of Du Page*, 4 Ill.App.3d 306 (1972) and *Jackson v. County of Du Page* (1973), 10 Ill.App.3d 497, 294 N.E.2d 773. In my opinion, this distinction is insufficient to declare defendant's ordinance invalid. I feel that the majority decision is inconsistent with our earlier holdings.